Mary Hayes *v.* Lyman Stewart, and Silas Newton, Trustee.

, *When case may pass to the supreme court upon exceptions. Trustee process. When suit may be brought within one year after defeat of former suit.*

Whenever a case is so far ended in the county court, that, if no exceptions were taken, it would go out of court, then, if exceptions are taken, it may with propriety pass to the supreme court.

Hayes *v.* Stewart & Tr.

When, in a suit commenced by trustee process, judgment is rendered in the county court for the principal defendant, and exceptions are allowed, the case may pass at once to the supreme court, without any hearing or formal judgment in reference to the liability of the trustee.

The statute,—Rev. St. 307, § 16,—which provides, that when an. action, commenced in time, shall be abated, or be " otherwise defeated or avoided " " for any matter of form," a new action may be commenced within one year thereafter, does not extend to a case, where the first suit was terminated by a nonsuit, occasioned by the inability of the plaintiff, through poverty, to comply seasonably with an order, made by the court, that the plaintiff furnish additional security, by way of recognizance, for the defendant's costs.

Assumpsit upon a promissory note for $285,00, dated March 2, 1833. The suit was commenced by trustee process, in the county of Windsor, and the writ was served July 7, 1848. The defendant pleaded the statute of limitations. The plaintiff replied, in substance, that the note was signed by the defendant in presence of an attesting witness; that she caused a suit to be commenced upon the note, and the writ was served upon the defendant February 26, 1847, returnable at the May Term, 1847, of Windsor county court; that the suit was duly entered in court, and the defendant obtained an order, that the plaintiff furnish, on the first day of the next term, additional security, by way of recognizance, in the sum of fifty dollars, for the costs of the defendant ; that the plaintiff made diligent effort to comply with said order and procure the security, but was wholly unable, by reason of poverty, to do so; that on the first day of the next term, being the November Term, 1847, the rule was enlarged, upon her application, and it was ordered, that she might furnish such additional security in the course of the first week of said term ; that during that week she made diligent effort to procure the security, that so she might save her rights in said suit, but that she was wholly unable to do so, by reason of her poverty, and the order of court was not complied with, and thereupon it was ordered by the court, that she become nonsuit, and judgment was rendered, that the defendant recover his costs ; and that this suit was commenced on the seventh day of July, 1848, which was within one year after such defeat and avoidance of the former suit. To this replication the defendant demurred.

The county court, May Term, 1850,—Hall, J., presiding,—ad-

judged the replication insufficient, and rendered judgment for the defendant. Exceptions by plaintiff.

In the supreme court the defendant moved, that the suit be dismissed, for the alleged cause, that there had been no judgment rendered as to the trustee, and therefore the suit, as to the trustee, was still pending in the county court. The plaintiff replied, that final judgment had been rendered in the county court, in the suit, in favor of the principal defendant, and therefore the suit was in no way yet pending in the county court. To this replication the defendant demurred.

*Washburn & Marsh* for plaintiff.

The statute,—Rev St. 307, § 16,—provides, that when an action commenced in time shall be abated, or be "*otherwise defeated, or avoided*" * * "for any matter of form," a new action may be commenced within one year thereafter. This has reference to the termination of the suit by reason of any cause not affecting its merits,— the term "*matter of form*" being used, as distinguished from matter of *substance*,—and the intention evidently being, that when a party, by reason of his non-compliance with the strict preliminary requisites to a trial upon the merits, has lost the advantage of such trial, he may have one year, within which to correct his proceedings; and in this respect there can be no difference in the principle of law, whether the defect be in the form of the process, or in the proceedings attendant upon it, preliminary to the trial ; and this intent is shown by the subsequent provision of the same section of the statute, giving the same additional time to the plaintiff, if he have lost his verdict by motion in arrest of judgment, or by reversal of judgment by writ of error, or on exceptions.

*Tracy, Converse & Barrett* for defendant.

1. The suit should be dismissed. There has been no judgment in the county court as to the trustee, and the case is therefore not finished in the county court. *Ayer* v. *Ayer*, Sup. Ct., Windsor Co., 1848. *Jones* v. *Spear & Tr.*, 21 Vt. 426. *Gage et al.* v. *Ladd*, 6 Vt. 174. Rev. St. 191, §§ 14, 15. Exceptions by the principal defendant do not bring the trustee into this court, but there must be judgment and exceptions as to the trustee. Rev. St. 221, § 4.

2. The replication is insufficient. The first action was not defeated or avoided for any matter of form. It was well brought, the writ was properly and seasonably served, and the suit was duly entered in court. No objection was or could be made to the writ, action, declaration, service, or any thing connected with it in matter of form. If poverty is a sufficient excuse for not prosecuting a suit already commenced, it is an equally good excuse for not commencing a suit. Such a doctrine is totally inadmissible. The exceptions in the Revised Statutes,—Rev. St. 307, § 16,—are more stringent and limited in their operation, than the statute of 1797,—Sl. St. 290, § 9; yet under the latter nothing of this kind could be admitted, to defeat the statute.

The opinion of the court was delivered by

REDFIELD, J. We think, that the case came properly into this court. When judgment, in the principal action, is rendered for the defendant, and exceptions are allowed, it may properly pass to the supreme court. Whenever a case is so far ended in the county court, that, if no exceptions were taken, it would go out of court, then, if exceptions are allowed, it may with propriety pass to the supreme court instead. That was the case here. If no exceptions had been allowed, it is not to be supposed, the county court could have been called upon to try the question of the liability of the trustee. They had already rendered a judgment, which made any such inquiry fruitless, not to say absurd. The motion to dismiss is therefore overruled.

We do not think the replication affords any ground of avoiding the plea. The first suit must have failed for some defect in the proceedings, and not by the voluntary act of the plaintiff, or in consequence of any inability of the plaintiff. If poverty were to be regarded as an excuse for not prosecuting a suit, so equally would sickness, accident, or misfortune of any kind. We can only say, that the statute has not provided for any such exception, or excuse.

The judgment is therefore affirmed.