A. S. AUSTIN *v.* PERLEY BELKNAP AND A. B. FORD.

*Note. Plea. Discharge of Surety. Consideration. Demurrer. Practice.*

1. Where property is delivered by the principal to the payee to extinguish a note, and, afterwards, by agreement of all the parties, payee, surety and principal, it was to be applied upon a certain book account which the payee had against the principal, and the surety was to be released from further obligation. *Held*, that a plea setting up such facts was a bar to an action against the surety; that it was an injury to the surety, which was a sufficient consideration for the promise.

2. If the payee of a note has collateral security, the surety is entitled to the benefit of it.

3. The plea is argumentative; but such pleading is aided on general demurrer.

4. As the cause was passed to the Supreme Court upon the demurrer to the plea under the act of 1876,—R. L. s. 1390,—upon motion it was remanded, to be proceeded with by the County Court.

ASSUMPSIT in general and special counts.  Heard upon demurrer to the defendant's plea, December Term, 1880, POWERS, J., presiding.  Plea adjudged sufficient.  The case is stated in the opinion. ·

*A. S. Austin,* for the plaintiff.

The plea discloses no defence.  There was no consideration moving between the parties.  It was thus an *executed* consideration, and so no basis for an agreement founded upon its *delivery.* There was no new consideration for the change in its application from the note to the book account, and thus was binding no longer than the parties continued to act under it; and as the plea does not even allege that the produce was *applied* upon the book account, it must be assumed that Whitney put an end to it before making such application.  *Bates* v. *Starr,* 2 Vt. 536.

The produce was the property of Ford, and would only go to pay a debt of his own whether it was applied on the note or book account.

It is well settled that the performance of that which a party is legally liable to perform is not regarded a sufficient consideration to support a promise to such party.  *Wheeler* v. *Washburn,* 24 Vt. 293; *Pomeroy* v. *Slade,* 16 Vt. 222; *Wheeler* v. *Wheeler,* 11 Vt. 60, per COLLAMER, J. ; *Wright* v. *Allen,* 4 Vt. 572; *Spencer* v. *Williams,* 2 Vt. 209 ; *Harrison* v. *Close,* 2 Johns. 448 ; *Smith* v *Bartholomew,* 1 Met. 276.

It does not appear that Belknap *relied* upon Whitney's agreement even, nor that he suffered or did anything different than he would have, if this so called agreement to discharge him had not been made.  *Hogaboom* v. *Herrick,* 4 Vt. 131 ; 2 Am. Lead. Cas. 423 ; *Benedict* v. *Cox,* 52 Vt. 247.

*J. N. Johnson,* for defendant Belknap.

The plea discloses a full and unconditional release by the owner of the note of Belknap, the surety, and upon sufficient, legal consideration.

The opinion of the court was delivered by

VEAZEY, J.  The declaration contains a special count on a promissory note, and the common counts.  The defendant Bel-

knap answered by plea, to which the plaintiff filed a general de-
murrer. The objection to the plea urged in argument is that it
does not show that there was any consideration moving between
the parties to the agreement to discharge Belknap. The plea
alleges in substance that the plaintiff is not and never was the
owner of the note in question, but that it is now and always has
been the property of one Whitney, to whom it was given and
made payable ; that the note was first given to Whitney by the
defendant Ford for the sole debt of Ford ; that afterwards, at the
request of Whitney, this defendant Belknap signed the note as
surety for Ford ; that, afterwards, Whitney, in consideration that
certain property which Ford had delivered to Whitney, and which
it had been agreed by all the parties was to be applied in pay-
ment of the note, should be applied in payment of a book account
which Whitney had against Ford, agreed to and did release and
discharge Belknap on the note.

This is not a case of an agreement to discharge upon part pay-
ment of a debt. We understand the substance of the allegation
of the plea to be that Ford had put sufficient property into Whit-
ney's hands to pay the note. Under the existing agreement that
it should be so applied, the note was practically paid. If a cred-
itor has collateral security of the principal, the surety is entitled
to the benefit of it ; and if the creditor surrenders it voluntarily,
this discharges the surety. Chit. on Con. 583, 10th Am. Ed. and
note i. ; 2 Am. Lead. Cas. 380.

Belknap had a legal right to have the property applied in pay-
ment of the note. In consideration of Belknap's consent that it
might be applied on the other debt, Whitney agreed to discharge
him on the note.

It was not a past and executed consideration ; because, al-
though the property was then in the possession of Whitney, the
agreement was to change its application ; and it was that change
that injured Belknap by losing the benefit of the application on
the debt for which he was holden.

The plea is argumentative ; but such pleading is aided on gen-
eral demurrer. Gould Pl. ch. 10, sec. 30 ; and numerous cases

32

in our reports. The plea as it stands is a full answer of the defendant Belknap to the declaration; but as the cause was passed to the Supreme Court upon the demurrer to the plea, under the Act approved Nov. 11, 1876, the cause, upon motion, is remanded to be proceeded with by the County Court.

Judgment *pro forma* reversed, and cause remanded.