EDWARD S. DREYER *et al.*

*v.*

HOWARD I. GOLDY *et al.*

*Opinion filed February 14, 1898.*

1. APPEALS AND ERRORS—*order of court dismissing bill as to part of defendants is not final.* An order of court dismissing a bill as to part of the defendants is not a final order, and cannot be appealed from until there has been a complete disposition of the cause as to all parties, except where great hardship or a denial of justice will result from not allowing an appeal.

2. The court reviews at length the facts in the case at bar, and holds that this case is not within the exception to the rule requiring the dismissal of an appeal taken from an order of court dismissing the suit as to part of the defendants, only.

*Dreyer* v. *Goldy,* 62 Ill. App. 347, appeal dismissed.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. JOHN BARTON PAYNE, Judge, presiding.

LACKNER & BUTZ, for appellants.

SLEEPER & BARBOUR, for appellees.

Mr. JUSTICE WILKIN delivered the opinion of the court:

This is a proceeding in chancery begun in the Superior Court of Cook county by Edward S. Dreyer & Co., against Frank J. Stern, Howard I. Goldy, and others, to compel an accounting for money due upon a contract between the parties.

The bill alleges that the complainants constitute the firm of Edward S. Dreyer & Co., doing a general real estate and brokerage business in the city of Chicago; that on the 6th day of April, 1886, Owings and Goldy, two of the defendants, being the lessees of certain lots in the city, entered into a contract with complainants by which a loan was to be procured for defendants Owings and Goldy, to enable them to erect a theatre and other buildings upon the lots, the contract providing that after the buildings were completed complainants were to rent and manage them, and perform other services, for a yearly compensation of $1000, for a period "as long as Edward S. Dreyer should live;" that by subsequent conveyances Frank J. Stern, on October 27, 1891, became the owner of the legal title to the property by quit-claim deed from Goldy and wife; that Stern holds the title in trust for Goldy and wife, and will continue to so hold it for them until he shall have received, from the rents of the buildings, a sum sufficient to pay him for moneys previously advanced by him to them; that he came into the possession of the property with the agreement and understanding that the contract of April 6, 1886, was still in force and binding upon him, but that he has refused to pay the amount due complainants under that contract. The prayer then is, that an account may be taken to ascertain the amount due to complainants under the contract, and in default of payment thereof that the property be sold, etc. Goldy and wife filed a demurrer to the bill. Stern filed an answer, and the other defendants were defaulted. An

order was entered sustaining the demurrer and dismissing the cause as to Goldy and wife alone, at complainants' cost. From that order complainants appealed to the Appellate Court for the First District, where the order below was sustained, and they now prosecute this further appeal.

Appellants insist that the trial court erred in sustaining the demurrer of Goldy and wife to complainants' bill. Without considering the merits of that contention, we feel called upon to notice first the point made by appellees, that this appeal should be dismissed. A dismissal is asked upon the ground that no appeal lies from the order dismissing complainants' bill as to only a part of the defendants, insisting that the decree sustaining the demurrer is not final. Frank J. Stern answered the bill, and as to him the cause is still pending and undetermined, so far as this record shows. An order of court dismissing a bill as to part of defendants only is not a final one, and can not be appealed from until there has been a complete disposition of the cause as to all other parties. This is a well settled rule, as stated in *Thompson* v. *Follansbee,* 55 Ill. 427, and followed in *International Bank* v. *Jenkins,* 109 id. 219, *Farson* v. *Gorham,* 117 id. 137, *Chicago Steel Works* v. *Illinois Steel Co.* 153 id. 9, *Bucklen* v. *City of Chicago,* 166 id. 451, and other cases. The opinion of the Appellate Court, however, holds that this cause does not come within the general rule, but falls within an exception thereto, for the reason that the only persons interested in the property in question and the matters in dispute are Goldy and wife, and that the order, having disposed of the cause as to them, was necessarily final. We cannot accord with this view. The allegations of the bill show that Stern is the owner of the premises in question, and in possession and receiving the rents therefrom, under his quit-claim deed; that he is to reconvey to Goldy and wife the property upon his receiving from the rents the money he has advanced to them; and in taking the title thus, he as-

sumed the payment of the money due complainants under the above mentioned contract. Surely, under this state of facts it cannot be said that the Goldys are the only persons interested in the matters in controversy in this proceeding, and that "if the Goldys are not liable under the agreement then neither is Stern," as is said in the opinion of the Appellate Court. We think that, since the bill shows Stern to be the owner and in possession of the property, and he having assumed the obligations of the contract of April 6, 1886, with complainants, they should primarily call upon him to account to them. True, it is insisted that Stern has no interest in the property, on the theory that he holds the title merely in trust for the Goldys until such time as he shall have received, out of the rent of the buildings, the money advanced by him; but it does not appear that that time has arrived, hence Stern clearly has a greater interest than simply that of a trustee.

We fail to see any good reason why this cause should be treated as an exception to the rule denying an appeal from an order which is not final. The exception to the rule, as stated in Freeman on Judgments and recognized in *Bucklen* v. *City of Chicago, supra*, and other decisions of this court, is in cases where great hardship or a denial of justice would result from its enforcement. Complainants suffer no injustice from its enforcement here. On the other hand, we think, if they are to obtain the relief asked in the bill, it can only be granted upon a final hearing of the cause as to all of the defendants. Stern would not be bound by the decision of this court, but he may make his defense below under his answer and issue joined, and again bring the cause here for review, thus, as is said in the case last cited, "in the clearest sense requiring this court to pass upon the cause by piecemeal, which, as we have seen, cannot be done."

For the reasons stated the appeal will be dismissed.

*Appeal dismissed.*