COLONIAL POWER & LIGHT COMPANY *v.* GEORGE P. CREASER, ET AL.

January Term, 1914.

Present:   POWERS, C. J., MUNSON, WATSON, HASELTON, and TAYLOR, JJ.

Opinion filed February 6, 1914.

*Public Service Commission—Jurisdictional Facts—Questions Not Raised Below—Hearing—Change of Personnel.*

The jurisdiction of the Public Service Commission cannot be supported by presumptions, but the facts necessary to confer jurisdiction must affirmatively appear.

The question of the jurisdiction of the Public Service Commission on the facts found will be determined on appeal, though not raised below.

Where only one of the three commissioners constituting the Public Service Commission that heard the case was in office when the judgment was rendered, and the commissioner who made up the quorum that rendered the judgment was not a member of the body when the case was heard, the judgment was invalid, as a hearing cannot be had by one part of the Commission and a decision made by another.

APPEAL from an order of the Public Service Commission establishing crossings for the construction of a transmission line over land of appellants, Rutland County. The opinion states the case.

*Marvelle C. Webber* for the appellants.

*T. W. Moloney* for the appellee.

MUNSON, J. This is an appeal from a judgment of the Public Service Commission establishing crossings for the construction of a transmission line over the lands of the appellants.

The Public Service Commission consists of three commissioners, a majority of whom are a quorum for the transaction of any business or duty of the Commission. P. S. §§4591, 4596; Acts 1908, No. 116, §1.

The record shows a hearing had July 11, 1913, before commissioners Watson, Warner and Babbitt, and a report and award thereon made August 7, 1913, by commissioners Bacon and Warner. It thus appears that there was a change in the membership of the Commission between the dates named, and that of the two commissioners who made the report and award only one had heard the case.

The question presented by these facts is a jurisdictional one, and is properly for consideration, although not raised below. The judgment of the Commission cannot be sustained by presumptions; the facts necessary to give it jurisdiction must affirmatively appear. *Bessette* v. *Goddard,* 87 Vt. 77, 88 Atl. 1. In imposing this burden upon private property for a public purpose, the Commission was exercising a judicial function. Due process of law, as well as the terms of the provision under which the proceeding was had, required that there be hearing before decision. Acts 1908, No. 116, §13. A function which embraces hearing and decision is not a divisible duty. The hearing cannot be had by one part of the Commission, and the decision be made by another part. It is not enough that the whole process is carried through within the Commission as a collective and continuing body. The determination of a board of triers is the aggregate result of individual findings and conclusions, and there must be in both stages of the proceeding identity of individuals as well as the requisite number.

Only one of the three commissioners who heard this case · was in office when the decision was made, and the commissioner who made up the quorum which rendered judgment was not a member of the body when the case was heard. The judgment rendered was invalid.

*Order vacated and cause remanded.*