H. A. ARMSTRONG *v.* HUGH MOORE.

May Term, 1921.

Present: WATSON, C. J., POWERS, TAYLOR, MILES, and SLACK, JJ.

Opinion filed October 4, 1921.

*Stay of Proceedings on Petition for New Trial Under G. L. 2306 Interlocutory—Exceptions Improper Where No Proper Judgment Below.*

1. A stay of execution on a petition for a new trial under G. L. 2306, is simply interlocutory, is granted without hearing, and continues until the final determination of the petition without further action of the court granting it.

2. An order of stay of proceedings on such a petition renders a writ of execution wholly powerless and inoperative, as if it had been recalled or never issued.

3. Where, on such a petition, exceptions were granted to an order staying execution, but the case had not been finished, nor a proper judgment rendered, the case is improperly in the Supreme Court, and the exceptions will be dismissed.

PETITION to the Hartford Municipal Court, Windsor County, for a new trial on the ground of fraud, accident, and mistake. Heard by Court, *A. G. Whitham,* Municipal Judge. The Court made the order: "Judgment that the execution against the trustee in said cause of *Moore* v. *Kinne,* No. 270, be stayed"; but no findings of fact were made nor complete judgment rendered. The petitionee excepted.

*Hugh Moore,* petitionee, *pro se.*

*Raymond Trainor* for the petitioner.

MILES, J. This is a petition to the Hartford municipal court, for a new trial on the ground of fraud, accident, and mistake. The petition was heard by the court, and certain of the petitioner's testimony was recited by the court; but no finding of fact was made thereon nor complete judgment rendered. The record simply shows the following: "Judgment that the execution against the trustee in said cause of *Moore* v. *Kinne* No. 270 be stayed." No judgment against the trustee is set aside nor is a new trial granted as prayed for in the petition, but simply an unlimited stay of the petitionee's execution is granted. The question of a new trial is left undecided.

[1, 2] It seems unnecessary to state, in view of the plain language of the statute, that the stay of execution in petitions of this character is simply interlocutory and is granted without hearing, as was done in this case, and continues until the final determination of the petition, without further action of the court granting it. The order of stay of proceedings rendered the writ of execution wholly powerless and inoperative. It was the same as if the execution had been recalled or never issued. *Jameson* v. *Paddock et al.,* 14 Vt. 491. The judgment recorded added nothing to the record already existing, and the question that was tried is left undecided.

It may not be amiss to say that several cases coming of late from municipal courts to this Court for review show little care

as to their condition to be properly passed up on exceptions.   It should be remembered that unless proper care be exercised in that behalf by such lower courts the interests of litigants, as well as of the State at large, may be jeopardized and injustice follow.

[3]   The case not having been finished in the municipal court, and no proper judgment having been there rendered, the case is improperly here.   *Probate Court* v. *Chapin*, 31 Vt. 373.

*Exceptions dismissed.*