### ERWIN et al. v. BLACK. (No. 6921.)

(Court of Civil Appeals of Texas. San Antonio. March 28, 1923.)

**Appeal and error ☜79(1) — Appellate court has not jurisdiction where final judgment as to matters in controversy as to all parties was not entered below.**

Where it appears on appeal that no final judgment has been entered in respect to the matters in issue and as to all the parties, the appellate court has no jurisdiction, and the appeal must be dismissed.

Appeal from District Court, Tarrant County; Ben M. Terrell, Judge.

Suit by Robert Black against Sallie Erwin and others. Decree for plaintiff, and defendants appeal. Dismissed.

F. M. Bransford, of Fort Worth, for appellants.

Callaway & Shead and Elton M. Hyder, all of Fort Worth, for appellee.

COBBS, J. Robert Black, plaintiff, filed suit against Sallie Erwin, Pearl Erwin, Owa Thurman, and Ollie Thurman, Abraham Fugitte, and the unknown heirs of Mary Black, deceased, as parties in interest, all of whom were cited by publication, the first five being named as legatees under the will of Mary Black, deceased, and Mary A. Lowe and Esther Essex, trustees, not parties in interest, seeking to partition the real estate described in plaintiff's original petition and to remove cloud from title to plaintiff's alleged undivided one-half interest. Sallie and Pearl Erwin and Owa and Ollie Thurman filed answers contesting plaintiff's claims, and Mary A. Lowe and Esther Essex, trustees, each filed disclaimers, but Abraham Fugitte and the unknown heirs of Mary Black, deceased made no appearance, either in person or by attorney, and no attorney ad litem was appointed by the court to represent either the said Abraham Fugitte or the unknown heirs of Mary Black, deceased, and the only question submitted to the jury was whether the property in controversy was the common or community property of Robert Black and Mary Black. The jury found said property to be such. The court, in entering the judgment, made

no finding as to lot 11, block 121, made no disposition of the unknown heirs of Mary Black, deceased, awarded an undivided one-half interest to Robert Black, but failed to divest out of Robert Black and vest in the other defendants in interest the latter's undisputed one-half interest.

Necessarily involved was the question of the community property of Robert Black and his deceased wife, Mary Black, or whether the same was her separate property.

It is apparent no final judgment was entered in this case in respect to the matters in controversy and as to all the parties, and in such state of the record this court has no jurisdiction. Mignon v. Brinson, 74 Tex. 18, 11 S. W. 903.

The appeal must be dismissed; and it is so ordered.

Dismissed.