## PANHANDLE & S. F. RY. CO. v. FORT WORTH ELEVATORS CO.
### (No. 2698.)

(Court of Civil Appeals of Texas. Amarillo. May 26, 1926.)

Appeal and error ⬅⟶79(1)—Where one of two defendants against whom cause of action was alleged jointly and severally made no answer or appearance and no disposition was made of it, held, that no appeal will lie from refusal to enter judgment in behalf of other defendant and in setting aside jury's verdict and granting plaintiff a new trial (Vernon's Ann. Civ. St. 1925, art. 2249).

Where shipper alleged cause of action against two carriers, praying judgment against them jointly and severally, and one of defendants filed no answer and made no appearance, and no disposition was made of it, held, that an appeal will not lie under Vernon's Ann. Civ. St. 1925, art. 2249, from action of trial court in refusing to enter judgment for other defendant and in setting aside verdict of jury and granting plaintiff a new trial, as no final action was taken which would give Court of Civil Appeals jurisdiction.

Appeal from Lubbock County Court; Chas. Nordyke, Judge.

Action by the Fort Worth Elevators Company against the Panhandle & Santa Fé Railway Company and another. From judgment refusing to render judgment in favor of named defendant and setting aside verdict and granting plaintiff motion for new trial, named defendant appeals. Appeal dismissed.

Terry, Cavin & Mills, of Galveston, Madden, Adkins & Pipkin, of Amarillo, and Wilson & Randal, of Lubbock, for appellant.

Bean & Klett, of Lubbock, and Smith & Smith, of Fort Worth, for appellee.

JACKSON, J. The Fort Worth Elevators Company, plaintiff, instituted this suit in the county court of Lubbock county, Tex., to recover against the Atchison, Topeka & Santa Fé Railway Company and the Panhandle & Santa Fé Railway Company, defendants, the sum of $537.62 damages alleged to have been occasioned by the negligence of the defendants in transporting a carload of corn from Kansas City, Mo., to Wilson, in Lynn county, Tex. Plaintiff alleges that the corn when accepted for transportation at Kansas City, Mo., by the defendant the Atchison, Topeka & Santa Fé Railway Company was sound and dry and in all respects fit for shipment, and that at the time the corn was received by the connecting carrier, the Panhandle & Santa Fé Railway Company, it was dry, sound, and in fit condition for shipment; that it reached its destination at Wilson, in Lynn county, Tex., in a wet, rotten, and damaged condition, which condition of the corn was the proximate result of the negligence of one or both of said defendants in handling of the corn while in transportation. Plaintiff set up the number of bushels of the corn, the value thereof per bushel, and the proper measure and amount of the damages it is alleged to have sustained.

There was no answer filed by the defendant the Atchison, Topeka & Santa Fé Railway Company, and the record fails to reveal that any disposition was made of it by the court in any of the proceedings had. The Panhandle & Santa Fé Railway Company answered by general demurrer, general denial; pleaded that the corn was loaded at Bethume, Colo., directly into the car from wagons which had hauled the corn from the fields, and at the time of the loading thereof into the car the corn was not matured, was damp, wet, and contained excessive moisture which caused it to sweat, heat, and spoil, and if it had not been for this condition of the corn when loaded, it would have arrived at destination at Wilson, Tex., in good and proper condition; that it had nothing to do with loading the corn into the car at Bethume, Colo., and was in no way responsible therefor; and that the corn when received by it for transportation at the Texas state line at Higgins, Tex., was unfit for transportation and in a damaged condition. The other issues involved in the pleadings it is unnecessary to state.

The case was tried before a jury, and they answered to a special issue submitted to them that the corn was not damaged by reason of a leaky car. On this finding of the jury, the Panhandle & Santa Fé Railway Company moved that judgment be entered in its behalf. The plaintiff filed its motion requesting the court to set aside the verdict of the jury and refused to enter any judgment thereon and grant it a new trial, urging various errors of the court, the insufficiency of the evidence to

sustain the verdict of the jury, and asked the court to enter judgment for it, because the uncontroverted evidence discloses that the corn was damaged while in the possession of the defendants. The court, after considering the respective motions of the parties, declined to render any judgment in the case and set the verdict of the jury aside and granted plaintiff's motion for a new trial. From the action of the court, refusing to enter a judgment in its behalf and in setting the verdict of the jury aside and granting plaintiff a new trial, the Panhandle & Santa Fé Railway Company, the appellant, prosecutes this appeal, under article 2249, Vernon's Ann. Tex. Civ. Statutes, authorizing an appeal from the granting of motions for new trials. The appellee challenges the jurisdiction of this court, and moves to dismiss the appeal because unauthorized by law.

Under the authority of Missouri-Kansas-Texas Railroad Co. of Texas v. Thomason, 280 S. W. 325, by the Court of Civil Appeals at Austin, and Cortimeglia et al. v. Herron et al., 281 S. W. 305, by the Court of Civil Appeals at Waco, in both of which cases the Supreme Court refused a writ of error, it is our opinion that appellee's motion to dismiss the appeal should be sustained for want of jurisdiction. The record discloses that the appellee instituted this suit against the Atchison, Topeka & Santa Fé Railway Company, and also against the appellant, the Panhandle & Santa Fé Railway Company, alleged a cause of action against each of them, and prayed for judgment against them jointly and severally,. as the facts might authorize, for his damages, interest, and costs of suit. The Atchison, Topeka & Santa Fé Railway Company filed no answer, made no appearance, and, so far as revealed by this record, no disposition was made of it or the issues arising on the pleadings of appellee against it. For this reason, it is our opinion that no final action was taken in the case that would give this court jurisdiction. Erwin et al. v. Black (Tex. Civ. App.) 249 S. W. 1113; Mendoza v. Atchison, Topeka & Santa Fé Railway Co., 94 Tex. 650, 62 S. W. 418[1]; Missouri Pacific R. R. Co. v. Scott, 78 Tex. 360, 14 S. W. 791.

For the reasons stated, the appeal is dismissed.