Lucy Beam, b. n. f. *v.* Herbert W. Fish et al.

Special Term at Rutland, November, 1932.

Present: Powers, C. J., Slack, Moulton, Thompson, and Graham, JJ.

Opinion filed January 4, 1933.

*Novak & Bloomer* for the plaintiff.

*Jones & Jones* (*Seymour P. Edgerton* of counsel) for the defendant Fish.

MOULTON, J. In this case three defendants were sued as joint tortfeasors. The action was discontinued as to one of them, and went to trial, before a jury, against the other two. At the close of the evidence a verdict was directed in favor of the defendant Fish, and the plaintiff excepted. The case was thereupon continued as to the remaining defendant, Dansro, and the jury discharged. Judgment was entered upon the directed verdict, and the plaintiff has prosecuted his exceptions to this Court.

No question is presented for review. Except when the county court, in its discretion, may pass a case to the Supreme Court before final judgment, under G. L. 2262, exceptions are not to be allowed until a judgment has been entered in the trial court which is final in the sense that the case is so far ended that, if no exceptions have been taken, it will go out of court. *Hayes* v. *Stewart*, 23 Vt. 622, 625. The whole proceeding must be perfected below and a judgment rendered upon which execution may issue, before it can be brought before this Court. *Gage* v. *Ladd*, 6 Vt. 174, 176. Such a judgment is like a decree in chancery, which, to be appealable, must dispose of the merits of the case and settle the rights of the parties under the issues made by the pleadings. *Nelson* v. *Brown*, 59 Vt. 600, 601, 10 Atl. 721. ''A final judgment or decree from which an

appeal may be taken must dispose of the whole controversy presented to the court, and must adjudicate the rights of all the parties to the suit." *American Fidelity Co. of Montpelier* v. *East Ohio Sewer Pipe Co. et al.* (Ind. App.), 101 N. E. 101. A judgment is not subject to review in the appellate court where the rights of one or more of the parties have not been adjudicated and the proceeding, as to them, is still pending below. *Emmeier* v. *Blaize* (Ind. Sup.), 179 N. E. 783, 784; *Daegling* v. *Strauss*, 59 Ind. App. 672, 109 N. E. 920, 921; *Chicago & W. I. R. R. Co.* v. *City of Chicago*, 294 Ill. 257, 128 N. E. 462, 463, 464; *Dreyer* v. *Goldy*, 171 Ill. 434, 49 N. E. 560; *Bush* v. *Leach* (C. C. A. 2nd Circuit), 22 Fed. (2nd) 296; *Hohorst* v. *Hamburg-American Packet Co.*, 148 U. S. 262, 37 L. ed. 443, 444, 445, 13 Sup. Ct. 590; *Bowles* v. *City of Richmond*, 147 Va. 720, 129 S. E. 489, 490; *Karabacek* v. *Richards*, 249 Mo. 608, 155 S. W. 777, 778; *Continental Trust Co.* v. *Peterson*, 76 Neb. 411, 110 N. W. 316, 317; *Amarillo, etc., Corp.* v. *Ellis* (Tex. Civ. App.), 10 S. W. (2nd) 733, 734; *Erwin* v. *Black* (Tex. Civ. App.), 249 S. W. 1113, 1114; *Dabney Oil Co.* v. *Providence Oil Co.*, 29 Cal. App. 251, 155 Pac. 114, 115; *Toleikis* v. *Austin*, 197 Mich. 333, 165 N. W. 971; *Dickerson* v. *Western Union Tel. Co.*, 111 Miss. 264, 71 So. 385, 386.

 It is true that, under G. L. 2262, the county court may, in its discretion, pass exceptions to this Court before final judgment. Nothing to the contrary appearing, we will assume that the trial court has undertaken to act under this statute, *Ryan* v. *Barrett*, 105 Vt. 21, 162 Atl. 793, 794; *Hannah* v. *Hannah*, 96 Vt. 469, 472, 120 Atl. 886. But the discretion therein mentioned is judicial, not absolute. It is recognized in *Hannah* v. *Hannah, supra,* that the case must be a proper one for the application of the statutory provision. It has been considered applicable to a ruling upon a motion for a mistrial (*Ryan* v. *Barrett, supra*) ; to a ruling upon a motion to set aside the verdict, made before judgment (*Hannah* v. *Hannah, supra*) ; and to a ruling upon a demurrer to the plea of one of two defendants (*Austin* v. *Belknap*, 54 Vt. 495, 498). But we conceive that the discretion of the county court does not extend to the situation presented by the record in the instant case, where the trial upon the merits has been interrupted without an adjudication of the rights of one of the defendants. To admit that it does would be to recognize the propriety of stop-

ping a trial and passing the case to us upon some question of evidence or procedure, affecting, perhaps, only one of the parties, and would enormously increase the amount and duration of litigation and its expense, not only to the parties, but to the State, for what could be done once would be done again and again, in the same case. Orderly procedure requires it to be otherwise. A cause of action is not to be split up and taken piecemeal or in fragments to the appellate court in this way. *Newlin* v. *Phillips,* 9 Del. Ch. 165, 80 Atl. 640; *Hohorst* v. *Hamburg-American Packet Co., supra; American Fidelity Co. of Montpelier* v. *East Ohio Sewer Pipe Co., supra.*

 Since the controversy has not been ended below and no full and perfect judgment has been there rendered, the case is not properly here. *Price* v. *Holden,* 104 Vt. 504, 162 Atl. 376. This is a defect which touches our jurisdiction, and so we act upon our own motion in dismissing the exceptions. *Hunt* v. *Paquette,* 102 Vt. 403, 404, 148 Atl. 752; *Armstrong* v. *Moore,* 95 Vt. 359, 361, 115 Atl. 295; *Page* v. *Page's Admr.,* 91 Vt. 188, 189, 99 Atl. 780.

*Exceptions dismissed.*