MOORE & THOMPSON PAPER COMPANY

*v.*

BELLOWS FALLS HYDRO-ELECTRIC CORPORATION.

February Term, 1940.

Present: MOULTON, C. J., SHERBURNE, BUTTLES, STURTEVANT and JEFFORDS, JJ.

Opinion filed May 7, 1940.

*Gibson & Gibson* for the petitioner-appellant.

*George H. Thompson* for the petitionee-appellee.

STURTEVANT, J.   Moore & Thompson Paper Company of Bellows Falls, hereinafter called the paper company, brought its petition to the public service commission, praying it, upon due hearing, to find and establish a reasonable rate to be paid by the petitioner to the Bellows Falls Hydro-Electric Corporation, hereinafter referred to as the electric company, for electric power furnished and to be furnished by it to said paper company.   Full hearing was had upon this petition in February and March of 1938.   At this time the three members of the commis-

224

sion were Stephen S. Cushing, chairman, Geo. A. Campbell and Milo C. Reynolds. In April, 1938, said Cushing resigned as a member of said commission, having been appointed a superior judge. He was succeeded as chairman of the commission by E. B. Cornwall. Said Campbell's term of office expired February 1, 1939, and he was succeeded by William H. Darrow. The commission as made up when said hearing was had in February and March of 1938 is hereinafter referred to as the old commission as distinguished from the commission as made up after February 1, 1939, which is hereinafter referred to as the new commission.

On February 15, 1939, the old commission filed its findings as to said petition and on the same day made and filed its order fixing what is therein stated to be a reasonable price for electric power furnished by petitionee to petitioner. Although changes in the membership of the commission between the times of hearing and filing of said order occurred as above stated, this order was properly filed by the old commission by authority of P. L. sec. 6054 which so far as here material is as follows:

> "* * * When a commissioner, who hears all or a substantial part of a case, retires from office before such case is completed, he shall remain a member of the commission for the purpose of concluding and deciding such case, and signing the findings, orders, decrees and judgments therein."

No appeal was taken from said order filed by the old commission.

On March 4, 1939, the electric company filed a petition praying "* * * that the Commission issue a supplemental order amplifying and supplementing its order in the case dated February 15, 1939, * * *" in respect to matters as therein stated. On July 6, 1939, citation was issued directing the paper company to appear on August 15, 1939, and show cause why said order should not be amended in respect to matters as therein stated. On August 15, 1939, the parties appeared before the old commission, each being represented by its counsel. While no evidence was taken at this time, there was a considerable discussion concerning matters mentioned in the citation and at the close

of this the old commission made and filed an order dated August 15, 1939, purporting to amend said order of February 15, 1939, as to matters mentioned in the citation. The case is here upon the paper company's exceptions to this amended order.

The first question briefed by the appellant is its claim that at the time the alleged order in question was made, August 15, 1939, Cushing and Campbell were not members of the public service commission and were not qualified to act in said matter and that said alleged amended order is, therefore, void.

The original petition in this case was brought by the paper company in accordance with the provisions of P. L. chapter 260. P. L. 6455, a part of this chapter, sets forth the procedure to be followed when such a petition is brought and after making provision for notice.to parties and the fixing of the time and place of hearing, this section further provides:

> "* * * at which time and place the commission shall hear the parties and their witnesses and such other evidence as they may offer and determine the facts and thereupon make such order and decree thereon as the law and justice require, which order shall be final unless appealed from."

P. L. secs. 6064 and 1321 fix the time for taking an appeal from an order or decree of the commission at twenty days from the time when same is filed.

P. L. sec. 6054 states that the public service commission shall consist of three persons. P. L. sec. 6058 provides that two commissioners shall constitute a quorum for the transaction of any business.

The order of February 15, 1939, was a final order in the sense that an appeal might have been taken from it. This not having been done, it remained a final order after the time for an appeal had expired, in accordance with provisions of P. L. sec. 6455 hereinbefore set out. To hold that the filing of the petition March 4, 1939, by the electric company made this something other than a final order would be to nullify this statute. What might have been the result had the commission taken any action looking toward withdrawing or striking off of the order

of February 15, 1939, before the time for taking an appeal therefrom expired is not before us. No such action was taken. Since this order was final, it disposed of the merits of the case and settled the rights of the parties upon the issues made. by the pleadings. *Nelson et al.* v. *Brown et al.*, 59 Vt. 600, 601, 10 Atl. 721; *Beam, b. n. f.* v. *Fish et al.*, 105 Vt. 96, 97, 163 Atl. 591.

█ The case having been disposed of by the final order of February 15, 1939, it follows from the provisions of P. L. sec. 6054 as hereinbefore stated, that both Cushing and Campbell were disqualified to act in the matter of issuing the order of August 15, 1939, and that same is void and of no force or effect.

The electric company cites *Colonial Power Co.* v. *Creaser*, 87 Vt. 457, 89 Atl. 472, to the effect that the old commission properly signed the order of February 15, 1939. No question is made but what this is true. That case does not support the electric company's contention as to the amended order of August 15, 1939. The question before us is controlled by the provisions of P. L. sec. 6054 as applied to the facts here. For this reason other cases cited by appellee are not in point.

The result is:

*Amended order dated August 15, 1939, is vacated and cause remanded. Let Moore & Thompson Paper Company recover its costs.*