GAGE & WALKER vs. HIRAM LADD.

No civil cause passes to the supreme court, unless a final judgment is rendered thereon in the county court. Aliter in criminal causes.

When a cause is brought on to the docket of this court, before such final judgment is rendered, it is treated as a mis-entry, and to be erased from the docket.

Exceptions to any interlocutory judgment of the county court must be allowed and filed at the time judgment is rendered; and if final judgment is against the party excepting, the whole cause will then pass to the supreme court.

No review is allowed in an action on the case for betterments.

This was originally an action of ejectment, upon which a recovery was had in the county court by the present defendant against the present plaintiffs, who thereupon filed their bill of betterments, and obtained a judgment. Upon this judgment the county court granted a review, which being deemed questionable by the present plaintiffs, they took their exceptions, upon which the case now comes here for further adjudication.

*Linsley for defendant.*—1. The right of review depends on the 3d sec. of the judiciary act, p. 58, and the 15th sec. p. 122 of the act of 1824, constituting supreme and county courts. In the latter act a form of expression is used, which would extend to every case, civil or criminal, unless it is supposed to have been enacted in reference to the previous law, and is to be controlled and limited in its operation by that act.

2. By the old law, all cases may be reviewed, which are civil cases, originally commenced before the county court. Stat. p. 58.

3. Whether this proceeding is of that character, depends upon the Betterment Act.—Comp. Stat. p. 177.

4. The first section of this act provides, that a party "against whom final judgment has been rendered, *shall have right by action to recover*," &c. It is further provided, in the same section, that the mode of proceeding shall be "by filing a declaration in an action on the case," and the land is to be holden "*until the action so filed shall be determined*," the same as though it had been attached. No language could be stronger to show that the legislature intended to give a *right* (growing out indeed of a previous action) but original and independent in all its important features.

5. The parties being in court, the ordinary notice is properly dispensed with, and an attachment is unnecessary, as the land is holden.   In every other respect it is treated as an ordinary civil suit, and it is subject to all pleas and defences that any other original entry would be.

6. As it is undeniably a civil action, the only question must be whether it was originally commenced in the county court.   If it is an action, as termed in the statute, it must be " commenced" in the county court, within the meaning of the law.   For it was not commenced in any other court.

7. If the suit succeeds, an execution issues according to the judgment, wholly independent of the previous proceedings in ejectment.   It is in no sense a continuation of that action ; and to give the law that construction, would do violence to the plain and obvious import of the statute.

8. As the advantages of a review were designed to extend to all civil cases originally commenced in the county court, the court will not construe the statute so as to curtail or take away this right, unless the law is so clear that it will not fairly bear any other construction.   These cases are many of them important for the amount of property involved, and a review is as necessary to protect the rights of the parties against suspicion as in ejectment or any other action.

*Bates for plaintiffs.*—The only question in this case is, whether the defendant is entitled to a review of the judgment for betterments.

We contend the action of betterments is a special proceeding, ancillary to the action of ejectment, and not reviewable without an express provision in the act to that effect.

We contend further, that the provisions of the act, Rev. Stat. A. D. 1824, Chap. 20, p. 177-8, sec. 1—4, evidently show that the legislature did not contemplate any review in such case.

The opinion of the court was pronounced by

Williams, Ch. J.—This cause is not regularly before us.   It must be treated as a mis-entry, and erased from the docket.   No civil cause can come before this court from

*[margin:]* Addison, January, 1834.

Gage & al. vs. Ladd.

the county court, until a final judgment is rendered in that court. The statute of 1824, which regulates judicial proceedings, and which provides for the organization of the supreme and county courts, under our present system, makes no provision for any civil cause to pass to this court until there is a judgment rendered in the county court, on which execution may issue, and which may be affirmed. Hence the whole proceedings must be perfected, and a final judgment rendered in that court, before it can be brought here by exceptions. This court, in reviewing the proceedings of the county court, sit as a court of errors, and can only examine those questions appearing on the record. The statute of 1826 made no alteration in this particular. It only made provision that questions of law other than those contemplated in the previous statute, might pass to the supreme court after a final judgment rendered by the county court. By the statute of 1824, there was no provision made for the reviewing of any questions of law decided by the county court, unless the decision was on an issue of law regularly joined and determined by them, to be heard on an appeal from the judgment, or on a question of law arising upon a jury trial, and placed upon record either by agreement of parties or by order of court. The statute of 1826 provides that *all* questions of law decided by the county court on the trial or hearing of any cause pending before such court, and placed upon the record either by agreement of parties or by the order of court, may pass to the supreme court for their decision, *the same* as questions of law that arise on jury trials. Hence if either of the parties wish to save any questions of law decided by the county court on any interlocutory judgment which is not final in the cause, they may except to the opinion or judgment of the court, and have the exceptions allowed; and if the final judgment is against the party excepting, the cause can then pass to the supreme court for their final judgment thereon.

In criminal cases it is different. In those cases, if the court think the questions of law decided of sufficient importance to be placed upon record, and shall so direct, they do not proceed to render judgment, but the cause passes to the supreme court for a final decision, and judg-

ADDISON;
January,
1834.

Gage &. al.
vs.
Ladd.

ment, sentence, and execution is respited and stayed. In this case the county court granted the review, and of course the cause is still before them, and not regularly before us.

It may be proper, however, to observe to the parties, that the question which they intended to present by this bill of exceptions, and which they were prepared to argue, as appears from their brief, has been decided. In a case before the court in Orleans county, it was decided that there is no review in the action on the case for betterments given by the statute, but that one judgment on the merits is final.

If that decision should be adhered to, (and we see no reason why it should not be) the review was improperly granted in this case; and such will undoubtedly be the decision when the case comes regularly before the supreme court, if the county court should still farther proceed in the action. It would be more expedient for them, however, to vacate the entry of the review, and render judgment on the verdict. But for the present this cause must be dismissed, and the entry on the docket considered as improperly made.