# RUTLAND COUNTY,

---

## HALL & PARKER *v.* CALEB HALL.

### *Book Account. Plea in offset. Review.*

In an action of book account, brought originally to the county court, where the defendant files a matter in offset, in assumpsit, or other contract, not on book, exceeding one hundred dollars, neither party is entitled to a review of the issue upon the plea in offset.

BOOK ACCOUNT. Judgment to account was rendered in the county court, and an auditor was appointed, who reported a balance due from defendant to plaintiffs of $26.82, to balance book accounts between them.

Before judgment upon the report, defendant filed his plea in offset,—issue joined, on said plea, trial had, issue found for plaintiffs on said plea. Defendant moved for leave to enter a review on said plea in offset, which motion was overruled by the county court. Exceptions by defendant.

*S. H. Hodges* for defendant.

*E. Edgerton* for plaintiffs.

BY THE COURT. The only question in the present case is, whether in an action of book account, brought originally to the county court, where the defendant files a matter in offset, in assumpsit, or other contract, not on book, exceeding one hundred dollars, either party is entitled to a review of the issue upon the plea in offset.

The Comp. Stat. 221, § 17, provides, " In all civil causes, tried "before the county court, either party may review." This has always been held to be the cause and not some separate issue, some adjunct, or incident, of the cause. That is the ground upon

which the review is denied in a declaration for betterments. *Gage v. Ladd,* 6 Vt. 174.

Upon this ground, we think no review can be allowed on the ground of a plea in offset merely, except when the statute provides for it, i. e. where the cause is appealed from a justice, which is not this cause.

It is not necessary to consider, whether the judgment to account is reviewable or not. If it is, that will afford an additional reason why it should not also be reviewable upon the plea in offset, as the right is only given to the party to review the cause, and the plea in offset clearly is not the cause.

But it has certainly been generally considered, that an action upon book is not reviewable at all, as the judgment to account is merely interlocutory, and not perfected, until the report of the auditor is accepted and judgment rendered upon it. And it was never supposed that the case was reviewable after that. Possibly if the verdict is for the defendant, there might be an equity in allowing a review, but history affords no record of any such verdict ever having been given in an action of book account in modern days.

And if we regard the action as being one of those peculiar proceedings like the process against trustees, or some others, where no review is given, then we do not think the legislature having given the right to plead in offset, will also give a right to review the trial upon such plea. We could not do this without extending the statute, allowing reviews, in one case to another similar case, clearly not comprehended within the fair import of its terms.

Judgment affirmed.