Hon. PIERPOINT ISHAM, }
Hon. MILO L. BENNETT, } Assistant Judges.

---

## THOMAS ALLEN *v.* ANDREW TAYLOR & OTHERS.

*Review. Depositions. Declaration for betterments in the action for ejectment.*

A declaration for betterments, filed in action of ejectment, is a mere adjunct to the action of ejectment, and does not come within the provisions of the statute, (Comp. Stat. 221 § 17,) giving a right of review, and in a cause or suit founded on such a declaration, neither party is entitled to a review.

The initials of a middle name is no part of the name, and the omission or misstatement. of them in a deposition, in describing the parties or the deponent, forms no good ground of objection to the deposition.

THIS was a declaration for betterments, filed in an action of eject-
ment.

Plea, the general issue, and trial by jury.

On the trial the plaintiff offered the deposition of one Joseph
A. Martin, to the admission of which the defendants objected, on
the ground that the parties to the suit were not correctly describ-
ed in the certificate of said deposition (the omission or mis-state-
ment being in relation to the initials of the middle name of some of
the parties.)

The County Court,—POLAND, J., presiding,—overruled the
objection, and admitted the deposition. To this decision of the
court the defendants excepted.

After the jury had returned a verdict for the plaintiff, the de-
fendants moved for a review of the said cause, which motion was
overruled by the court, and a review denied.

To which decision of the court the defendants also excepted.

*W. Heywood, Jr.* for defendants.

The statute provides that in all civil causes tried before the
county court, either party may once, and no more, review his
cause to the next term of said court.

I contend that this declaration for betterments was a cause tried
before the county court.

The Compiled Statutes, 286 § 17, provides for the filing of the
declaration. In section 18, it is twice spoken of as an action of the
case; and it directs that the action of ejectment shall be stayed
until the action of the case is ended. The same phraseology is
used substantially in sections 19, 22, 23.

This point was not properly before the court in the case of
*Gage et al.* v. *Ladd,* 6 Vt. 174. The remarks on this point were
made by way of advice.

The case spoken of by Judge WILLIAMS, as having been de-
cided in Orleans County, must have been decided under some stat-
ute very different from our present law; but as the time when the
decision was made is not stated, it is impossible to ascertain what
it was.

But the exception taken to the deposition is fatal to the case;
and if so, the review is of no consequence.

Allen *v.* Taylor et al.

*J. D. Stoddard* and *J. Steele* for plaintiff.

The only reliable objection to the judgment below, seems to be the court's refusal to grant the defendants a review.

1. Can the error complained of be reached be exceptions.

2. If the court can revise the judgment below in this manner, it is a sufficient answer, that in the case of *Gage et al.* v. *Ladd,* 6 Vt. 174, it was adjudged that the right of review in those proceedings was not given, and that under subsequent revisions of our statute the original text relating to this form of remedy is literally retained.

The opinion of the court was delivered by

ISHAM, J. The case of *Gage* v. *Ladd,* 6 Vt. 174, seems to dispose of the question arising in this case, as to the defendants' right of review. The Comp. Stat. 221 § 17, gives the right of review, with few exceptions, " to either party in all civil actions, tried before the county court." The provisions of this statute, however, do not extend to a declaration for betterments, filed in the action of ejectment, after a final judgment in the case; as such a declaration is not a cause or suit within the letter or spirit of the act. From the various provisions of the statute, it is evident, the legislature never contemplated such a declaration to be the commencement of a new action, but merely as a continuation of the original suit in which it was filed. It was designed, in that mode, to ascertain the damages sustained, and adjudicate the respective rights and claims of the parties, growing out of the use and occupancy of the land, for which the action of ejectment was brought. The action of ejectment is the principal cause or suit, in which the right of review exists. The declaration for betterments is an incidental prosecution, a mere adjunct to the action of ejectment. The case of *Hall & Parker* v. *Hall,* 24 Vt. 637, recognized the same principle, in which the case of *Gage* v. *Ladd,* was referred to and approved. We must regard this question as having been settled by those authorities, and that the review, in this instance, was properly refused.

We see no objection to the deposition of Mr. Martin. It has been frequently decided in this, and other states, that the initials of a middle name is no part of the name; and that the omission

XXVI        39

or mis-statement of them will be no ground of objection. It is rendered certain in what cause, and between what parties the deposition was to be used.

Judgment of the County Court affirmed.