RE FRANCIS MCKEOUGH'S EST. *vs.* JOHN MCKEOUGH, apt.

May Term, 1896.

Present: TAFT, ROWELL, TYLER, MUNSON, START and THOMPSON, JJ.

*Ambiguity—Construction of Will—Evidence.*

Where the language of a devise is equally applicable to two objects extrinsic evidence is sometimes admitted to prove the testator's intent as an independent fact. But where the extrinsic facts disclose only one object that answers the description, such evidence is not admissible.

The trial below was by the court, and upon the facts found, judgment was rendered that the words, "my home place, where I now live," included premises in addition to the testator's own dwelling-house. But such judgment was the court's conclusion of law, not a finding of what the actual intent was, and is therefore revisable in this court.

REARGUMENT. The foregoing decision was announced at the May Term, 1895; whereupon the appellant filed a motion for a rehearing, stating as grounds thereof that the judgment of the court below was based upon the finding of that

court that the testator in fact intended the devise to include the entire property, and that such finding and judgment are conclusive, whereas the court in its opinion has wholly overlooked this question. Upon said motion the certificate was stayed and the cause continued for reargument, which was heard at the January Term, 1896.

*R. E. Brown* and *W. H. Bliss* for the appellant.

If no error is found in the admission of evidence the judgment should be affirmed. The only objection made was that there was no ambiguity in the language of the devise. But it is a typical case of latent ambiguity. The words "my home place, where I now live," apply equally to two objects, that is, to the entire lot and to the small corner on which the testator's dwelling was located. Therefore extrinsic evidence was admissible to show the intent of the testator as to what property was covered by the devise. I Jar. Wills (ed. 1893) 436, 437; *Conn. & Pass. R. R. Co.* v. *Baxter*, 32 Vt. 805, 812; *Maeck* v. *Nason*, 21 Vt. 115; *Vt. Bap. St. Conv.* v. *Ladd*, 59 Vt. 5; *Button* v. *Am. Tract Soc.*, 23 Vt. 336; I Green. Ev. § 289; *Roberts* v. *Button*, 14 Vt. 195; *Kimball* v. *Lancaster*, 60 N. H. 264; *Waggoner* v. *Ball*, 95 N. C. 323; *Doe* v. *Collins*, 2 T. R. 498; *Goodtitle* v. *Southern*, 1 M. & Sel. 299; Schouler, Wills § 590; *Hiscocks* v. *Hiscocks*, 5 M. & W. 363, 367; *Castle* v. *Fox*, L. R. 11 Eq. 542; *Winter* v. *Norton*, 1 Oregon 42, 45; *Benham* v. *Hendrickson*, 32 N. J. Eq. 441; Steph. Dig. Ev. 169 (8); *Bodman* v. *Am. Tract Soc.*, 9 Allen 447; *Sargent* v. *Adams*, 3 Gray 72; *Patch* v. *White*, 117 U. S. 210, 217; *Ayres* v. *Weed*, 16 Conn. 290, 298; *Lynde* v. *Davenport*, 57 Vt. 597.

The exceptions do not state what evidence was admitted but only state certain pertinent facts found therefrom. Hence the question is whether any extrinsic evidence was admissible.

The court found the fact that the testator intended to give the appellant the use of the entire property. This finding is not revisable here. *Backus* v. *Chapman*, 111 Mass. 386;

*Cleverly* v. *Cleverly*, 124 Mass. 314, 316; I Thomp. Trials § 1333, 1083; *Brownfield* v. *Brownfield*, 12 Pa. 136; Wigram's Prop. VII; Green. Ev. § 287, note 3; *Black* v. *Hill*, 32 Ohio St. 313, 319; *Middlebury* v. *Case*, 6 Vt. 165, 168; *Phelps* v. *Bellows Est.* 53 Vt. 539; *Roberts* v. *Welch*, 46 Vt. 164.

*H. S. Peck* and *Elihu B. Taft* for the estate.

The only question for reargument is whether the lower court found the testator's intent as a matter of fact or adjudged it as a matter of law.

The county court acted as an appellate court of probate in construing the will. There was no right to a jury trial (V. S. 2595; *In re Weatherhead*, 53 Vt. 655) but even if the case had been tried by jury the court would have required special verdicts and rendered judgment thereon.

This in effect it did by propounding to itself certain questions and answering them as shown by the facts recited in the exceptions, and thereupon rendering its judgement of law construing the clause in the light of these answers. Nowhere except in this act of judicial construction does the court say that the testator intended to give the appellant the use of the whole property.

MUNSON, J. This case has been heretofore disposed of upon the theory that the decision of the county court involved a matter revisable in this court, and it is now before us upon a rehearing of that question. The case was tried below by the court, and the appellant contends that the decision of that court was no more than a finding of fact as to the testator's intent, and was therefore final.

The county court received certain evidence from which it found the facts recited in the former opinion. Extrinsic evidence is ordinarily received to aid the court in arriving at the testator's intention by a construction of the terms of his will, but it is sometimes received to prove the testator's intention as an independent fact. This is the case when the

words of the will "are applicable indifferently to more than one person or thing," and so present nothing to determine which person or thing was intended. But when the extrinsic facts disclose but one person or thing that adequately answers the discription given, this evidence of intention cannot be received. The disposition must then be in accordance with the intention expressed in the will, whatever the testator's actual intention may have been.

If the county court had been called upon to determine which of two parcels the testator intended to devise by language which applied with equal .accuracy to each, the appellant's contention might be sustained. But we think the inquiry in this case cannot properly be treated as of that nature. The question to be determined was whether the whole or a part only of the testator's premises on the west side of Champlain street was covered by a devise of his home place. The testator had but one home place; and the only office of the extrinsic evidence was to show of what that place consisted. The evidence received raised no question of intent independent of construction. The intent was to be derived from the language of the will construed in the light of extrinsic facts. So the court's ascertainment of what passed under the devise was a determination of construction, and not the mere finding of a fact.

But the appellant contends that the nature of the inquiry was such that there can be no revision of the finding, even though it involved a construction of the will. This claim is based upon what is asserted to be the rule of procedure in jury trials; and we are referred to authorities which say that when the meaning of a writing is to be gathered from a consideration of both its language and the collateral facts, the whole matter is necessarily left to the jury and the entire inquiry becomes one of fact. But we do not consider it necessary to inquire what the procedure should be when a question of this nature is to be determined in a jury trial. This inquiry was had by the court, and the nature of the

inquiry did not convert that tribunal into a mere trier of fact. It ascertained the facts to aid it in the exercise of its judicial function, and then gave its interpretation to the testator's language.

It is evident that the court below had this understanding of its decision. It considered the question to be "what property is included in the terms 'my home place where I now live,'" and received evidence of the situation and use of the property "to determine the construction to be given to these words." It found and stated the facts, and "on these facts   *   *   adjudged that the appellant, by this clause of the will, took the use of the entire property." It did not dispose of the inquiry as one of fact, but as one of construction.

*Order of stay of certificate vacated.*

*Start* and *Thompson*, JJ, dissent.