IN RE JAMES M. HAYNES'S EST., FIRST UNIVERSALIST PARISH OF ST. ALBANS, apt., MARY E. CHENNETTE, apee.

May Term, 1897.

Present: TAFT, ROWELL, TYLER, MUNSON, START and THOMPSON, JJ.

*Construction of Contract—Parol Evidence.*

A legatee entitled to one-half of the residue of an estate made a contract disposing of "one-half of the balance and residue of said estate given and decreed to her," and it was held that these words meant one-half of her half.

Parol evidence was inadmissible to show that the parties actually intended otherwise.

APPEAL FROM PROBATE. Trial by court at the March Term, 1897, Franklin County, *Ross*, C. J., presiding. Decree of the probate court affirmed. The appellant excepted.

By the will, Mary S. King was to receive $2000, the Parish $10,000, Mary E. Chennette $2000, and other specific legacies, and the residue of the estate was to be divided equally between Mary E. Chennette and the Parish. The will was allowed in the probate court and an appeal taken by Mrs. King. While the appeal was pending in the county court a contract was signed by and between Mrs. King, Mary E. Chennette and the Parish by which it was agreed that the will should be allowed without contest and that the executor should pay to Mrs. King "one-half of the balance and residue of said estate given and bequeathed to the said Mary E. Chennette, to an amount not exceeding three thousand dollars;" and that the executor should pay Mrs. King from the share of the Parish enough to make up the sum of $3000, "if the said one-half residue and remainder of Mary E. Chennette's share is not equal to said three thousand dollars."

Upon the strength of this agreement the probate court made its decree of distribution. The residue amounted to $5847.37, one-half of which, $2923.68, was by the will bequeathed to Mary E. Chennette and the other half to the Parish. The decree gave one-half of the last named sum, namely, $1461.84, to Mary E. Chennette, and the other half to Mrs. King and from the share of the Parish gave to Mrs. King $1538.16 to make the sum of $3000. The Parish appealed, and in the county court offered to show by parol evidence, covering the negotiations that preceded the contract, that the actual intention of the parties was that Mrs. King should receive the whole of Mary E. Chennette's half of the residue unless it exceeded $3000. The offer was excluded and the Parish excepted.

*Farrington & Post* for the appellant.

*Wilson & Hall* for the appellee.

MUNSON, J., The parol evidence offered by the appellant was properly excluded. The facts covered by the offer were not such as would aid the court in construing the language of the agreement. The payments provided for were based upon the residuum of the estate; and the question raised was whether the amount for which Mary E. Chennette became liable was one-half of the entire residue, or one-half of her share thereof. The only effect of the proposed evidence would have been to indicate which of the two constructions was in accordance with what the parties really intended. But the construction of the agreement was to be in accordance with the intention of the parties as therein expressed. The case afforded no ground for an inquiry as to their actual intention. *Re McKeough's Estate*, 69 Vt. 41.

This question of construction arises upon the stipulation of Mary E. Chennette for the payment to Mrs. King of "one-half of the balance and residue of said estate given and bequeathed to her the said Mary E. Chennette, to

an amount not exceeding three thousand dollars." The appellant would give to the words "the balance and residue of said estate" their proper meaning, and would allow to the words "given and bequeathed to her the said Mary E. Chennette," no force inconsistent with that meaning. But we think the last expression is indicative of the manner in which the first is used, and that the clause as a whole means one-half of that portion of the residue given to Mary E. Chennette. It is true there is but one residuum; but when the residuum is given in shares to several persons, it is not meaningless to speak of the residuum given to each. This view is strengthened by the terms of the stipulation on the part of the Parish, which is for the payment of such sum as will make up the three thousand dollars "if the said one-half residue and remainder of Mary E. Chennette's share" is less than that sum. While neither stipulation is accurately expressed, we think the meaning of the agreement is sufficiently clear.

*Judgment affirmed.*