WILLIAMS, Admr. v. BLACK, et.

Ohio Appeals, 6th Dist., Erie Co.

No. 265. Decided June 18, 1928.

First Publication of This Opinion.

Syllabus by Editorial Staff.

1271. WILLS AND LEGACIES.

Fact that decedent who made devise to "my cousin Josephine Black, of Fort Wayne, Ind.," had cousin by marriage named Josephine Black, who resided at Fort Wayne, and also had second cousin Josephine Black Irving, whose maiden name was Josephine Black, and who lived on a farm ten miles from same city, creates latent ambiguity, and warrants admission of extrinsic evidence.

Appeal from Common Pleas.

Henry Hart, Sandusky, for Williams, Admr.

King, Ramsey & Flynn, Sandusky, for Josephine Black.

Moyer & Webster, Sandusky, for Josephine Black Irving.

FULL TEXT.

RICHARDS, J.

This case involves the construction of item 12 of the will of Pearl H. Black, deceased, late a resident of Vermilion in this county. The will was executed on September 27, 1924, and the testatrix died soon thereafter.

Item 12 reads as follows:

"Twelfth. I give, devise and bequeath to my cousin, Josephine Black, of Fort Wayne. Ind., the sum of $1,000.00 to be hers absolutely."

Two defendants claim to be the person designated as "my cousin, Josephine Black, of Fort Wayne, Ind." The ambiguity does not appear on the face of the bequest and is therefore what is known as a latent ambiguity, and it has long been settled that extrinsic evidence is competent in such case to show the person actually intended by the testator, or, as Lord Bacon stated it, a latent ambiguity may be "holpen by averment."

Josephine Black resided at Fort Wayne at the time the will was executed and a long time therefore. She was not a blood relative of the testatrix but had married a cousin of the testatrix and was thus a cousin by marriage only.

Josephine Black Irving was a second cousin of the testatrix. Her maiden name was Josephine Black but at the time the will was executed she was the wife of a man named Ray Irving, and they were living together as husband and wife and had been for about eight years. She did not reside in Fort Wayne but on a farm ten miles from that city, and received her mail by rural delivery from the town of New Haven.

Each of these persons claims to be the one intended by the testatrix in the twelfth item of her will. Shortly before the execution of the will Pearl H. Black was visiting at Fort Wayne and stayed a portion of the time with Josephine Black. While she was in Fort Wayne she was confined in a hospital for about two weeks, during which time she was visited by Josephine Black Irving several times, but she never called at the home of Josephine Black Irving. When the visit of the testatrix in Fort Wayne was completed she was taken in an automobile to her home in Vermilion, Ohio, by some relatives, one of whom was Josephine Black, and when in Vermilion they stayed overnight at the home of the testatrix. Within about two weeks after her return home she executed the will in question.

We will not undertake to review all of the evidence bearing upon the intention of the testatrix. It is sufficient to say that, after considering all the evidence, we are convinced that when the testatrix used the expression, "my cousin, Josephine Black, of Fort Wayne, Ind.," she referred to her cousin by marriage, Josephine Black, who had lived and then lived in Fort Wayne, Indiana, and not to her second cousin, Josephine Black Irving, who lived ten miles from that city.

Decree in favor of Josephine Black.

(Williams and Lloyd, JJ., concur.)