NORTHERN TRUST COMPANY *v*. ALBERT G. PERRY

May Term, 1933.

Present: POWERS, C. J., SLACK, MOULTON, THOMPSON, and GRAHAM, JJ.

Opinion filed October 10, 1933.

*Theriault & Hunt* for the plaintiff.

*Elwin L. Scott, Wilson Keyser,* and *J. Ward Carver* for the defendant.

Powers, C. J. We have here the record of a retrial after remand. The relevant facts appear in our former opinion. *Northern Trust Co.* v. *Perry,* 104 Vt. 44, 156 Atl. 906. The retrial was on a count charging a conversion of the money and securities, and resulted in another verdict for the defendant. The plaintiff alleges error.

The case was sent to the jury by the defendant, and before the trial began the plaintiff moved that the case be taken from the jury list and that the court, by construing the will, determine the person entitled thereunder. This motion was overruled, and the plaintiff excepted.

█ The position of the plaintiff was and is that the whole question is one of construction, which in all its aspects is for the court and not at all for the jury. And reliance is placed upon *McKeough's Estate* v. *McKeough,* 69 Vt. 41, 37 Atl. 275, and *In re Welch's Will,* 78 Vt. 16, 61 Atl. 145. But those cases were appeals from probate. The construction of the wills involved was directly in issue, and was the only issue to be tried. Here, the action is tort in the form of trover. The construction of the will is necessarily involved, but not directly or exclusively. The answer being a general denial, the plaintiff's title, the identity of the legatee, demand and refusal, and the amount of damages were questions for determination. The defendant, then, was entitled to a trial by jury as a matter of right. He was entitled to such a trial as would dispose of all questions that were properly involved. He could not be compelled to have the case split up and tried piecemeal, partly by court and partly by jury.

We hold, therefore, that the motion was properly overruled, that the whole case was properly submitted to the jury, and that the verdict has the same force and standing that verdicts in trover cases usually have.

At the close of the evidence the plaintiff moved for a verdict, and excepted when this motion was overruled. At the time this motion was made the plaintiff's title had been shown, a demand and refusal had been conceded, the damages had been agreed upon, and the only question of fact left in the case was the identity of the legatee. It will be remembered that the only name and description of the legatee given in the will was "Albert Perry, of Vermont." The plaintiff insists that, inas-

much as this name and description exactly fitted the defendant's father. and did not exactly fit the defendant, whose full name was Albert George Perry, no parol evidence was admissible to establish the defendant's claim, and that it must be taken that the will referred to the father.

There is much authority for this position. It is said in *Fairfield* v. *Lawson,* 50 Conn. 501, 47 A. R. 669, that the words of a will are so controlling that if they apply with exactitude to one person, such person will take the legacy although parol and extrinsic evidence might make it perfectly clear that another person less exactly described was the one intended. But the existence of such an absolute rule of law is denied in *National Society, etc.* v. *Scottish National Society, etc.,* 8 Brit. Ruling Cas., 839, 846, and cases are to be found that either deny it or refuse to apply it.

We are not here required to pursue this subject, for it seems to be well established that, where a will applies definitely to two or more persons, so that either would be entitled to take thereunder but for the existence and claim of the other, parol evidence is admissible to prove the one intended. *Tucker* v. *Seaman's Aid Soc.,* 7 Metc. (Mass.) 188, 208; *Patch* v. *White,* 117 U. S. 210, 29 L. ed. 860, 864, 6 Sup. Ct. 617; *Gilmer* v. *Stone,* 120 U. S. 586, 30 L. ed. 734, 736, 7 Sup. Ct. 689; 28 R. C. L. 274. It is sometimes said that it is only where the designation of the person intended in a bequest is applicable with equal certainty to two or more, that extrinsic evidence is admissible to show which of such persons is entitled; but we regard this as too strict a rule to be adopted and we therefore reject it. We do not regard it necessary that the name and description given in the will shall equally or exactly check with all the rival claimants. It is enough, we think, that the name and description are substantially applicable to two or more persons. In such cases, a latent ambiguity exists which, being created by parol, may be removed by parol. Thus in *Re Wolverton Mortgaged Estates,* L. R. 7 Ch. Div. 197, a testator gave a legacy to the children of his daughter by any husband other than Thomas Fisher, of Bridge St., Bath. It was made to appear that there was a Thomas Fisher, of Bridge St., Bath, who was, when the will was made, a married man. There was a Henry Tom Fisher, son of the above, who sometimes lived with

his father. Though the former was described "with exactitude" in the will and the latter was not, parol evidence was admitted to identify the legatee upon the ground that there were two persons to which the language of the will applied substantially, though not with perfect accuracy.

In *Vernor* v. *Henry,* 3 Watts. (Pa.) 385, a legacy was given to James Vernor Henry, described as a nephew of the testator and son of his deceased sister, Elizabeth. The legacy was claimed by James Vernor Henry, a grand nephew of the testator and grandson of Elizabeth. It was also claimed by Robert R. Henry, a nephew of the testator and the only son of Elizabeth who was alive at the time the will was made. Neither of the claimants was named and described "with exactitude." The first-named claimant was exactly named in the will, and the last named was exactly described; parol evidence was received, and upon consideration thereof the legacy was awarded to James.

In *Williams* v. *Black,* 42 Ohio App. 423, 182 N. E. 351, the legacy was given to "my cousin, Josephine Black, of Fort Wayne, Ind." The testator had a second cousin, Josephine Black Irving, whose maiden name was Josephine Black, and who resided some ten miles from Fort Wayne. Both claimed the legacy. Parol evidence was admitted on the ground that the will contained a latent ambiguity, notwithstanding the fact that the first-named claimant was exactly described and the other was not.

Moreover, the early common law recognized only one given name, and ignored a middle name or initials. 19 R. C. L. 1328. It has been held by this Court that a middle initial is no part of one's name. *Isaacs, Admr.* v. *Isaacs,* 12 Vt. 674, 678; *Walbridge* v. *Kibbee,* 20 Vt. 543, 545; *Allen* v. *Taylor,* 26 Vt. 599, 601. It may be questionable whether this ancient rule ought longer to be regarded, and without relying upon it we hold that there were two Albert Perrys of Vermont when this will was made, and that the parol evidence was properly admitted to identify which one the testatrix made a beneficiary of her will. To be sure, when such evidence was in, the fact that the defendant had a middle name and his father did not was for consideration as indicating that the father was intended, its weight being for the jury.

We recognize the rule that the construction must come from the will and not the will from the construction, and in holding that the record presents a case of latent ambiguity warranting the admission of parol evidence of identity, we only enable the purpose of the testatrix to have effect by applying the will to the person intended.

There was nothing in the evidence to show that the testatrix ever met Albert Perry, the father. It was shown that the defendant visited her in 1893, and that he was introduced to her as "cousin Albert." Subject to the plaintiff's objection and exception, the defendant was allowed to testify that, when he came away, the testatrix shook hands with him and said, "When you get home congratulate your father and mother on having such a son," and that she then said that she wished there were more boys to carry the name down. The testatrix was a Perry, and this last statement obviously referred to the Perry name. The objection to the above evidence was that it was hearsay. But it was proper to show that the testatrix was kindly disposed to the defendant. *In re Everett's Will*, 105 Vt. 291, 166 Atl. 827, 831, and the evidence indicates that he had made a good impression on her. No error was committed by its receipt. The statement of the testatrix last above referred to was admissible to show that the testatrix knew the defendant's family name, and so then knew him as Albert Perry. Without this, the testimony would only show that she knew him as "cousin Albert." With it she knew him as "cousin Albert Perry."

Lomira Perry, of Chicago, one of the beneficiaries named in that paragraph of the will here in question, and one of those who will be financially benefited if the plaintiff prevails in this litigation, was a witness below. There was evidence tending to show that she appeared at the defendant's antique shop in Randolph Center at a time within a day or two after he had received the cash and securities from the plaintiff through the local bank, and that she took away a business card of the defendant on which his name appeared as "Bert G. Perry." This card was introduced as evidence by the plaintiff. In referring to this witness, counsel for the defendant characterized her as a "detective." The plaintiff claimed and was allowed an exception. Without intimating that this characterization was un-

warranted or of sufficient importance to have affected the verdict, we content ourselves with saying that the remark was immediately and adequately withdrawn by counsel and any error rendered harmless.

██ The court charged the jury that the legal name of a person consisted of one given name and a surname, and that the middle name or initial was not an essential part of his name. To this there was no exception. But the court went on to say that "for the purposes of this case it is sufficient, if the other essentials are made out, that a person is designated by a name by which he is commonly known and called, even though that is not his true name. To this the plaintiff excepted. The court further charged: "If you should find that the true name of the defendant was Albert Perry or Albert G. Perry, or that he was generally known and called Albert Perry or Albert G. Perry, then the provision in the will in question was applicable to either of these two persons, that is, the defendant or his father." To this the plaintiff excepted. In a supplemental charge the court qualified this last instruction by adding a proviso that the jury should also find that the testatrix intended to make the defendant the legatee. The plaintiff renewed its exception. It was not claimed below that the foregoing instructions were unsound in law, but it was insisted that there was not sufficient evidence to warrant them. But the transcript disclosed such evidence. The defendant testified to enough to justify these charges. He testified to enough to show that he used the name Albert Perry and that the testatrix knew him as Albert Perry. We find no error in the instructions, and, as shown, above, agree that in the circumstances shown, the will might apply to either of the Perrys.

██ The court charged the jury to the effect that if it was unable to determine whom the testatrix meant by the expression "Albert Perry of Vermont," its verdict should be for the defendant. To this the plaintiff excepted. Thereupon the court modified the instruction so that it amounted to this: "If you are not able to find from the evidence that the defendant was not the person designated by the will, your verdict should be for the defendant." The plaintiff renewed its exception. The burden of proof was, of course, on the plaintiff. And it remained there throughout the trial. The first step in its proof

was to show that it was a trustee under the will in question. This shown, it was necessary to prove that it had paid over the legacy to the wrong man. If the defendant is not the person named in the will, he is holding the money and securities without right and should have returned them to the testamentary trustee that they might be delivered to the person or persons lawfully entitled to them. As the evidence stands, the defendant's father is or was the only other person who could have been intended as the legatee; and if the plaintiff had failed to show that the father was the one intended, it had not made a case against the defendant. After demand, the trustee was entitled to the fund unless it had paid it over to the right man. It . amounts to the same thing whichever way it is stated, and the charge excepted to was without error.

██ ██ The plaintiff insists that the verdict should have been set aside on its motion, because it was unwarranted by the evidence. But having held that the defendant was entitled to a jury trial, the verdict stands like any other, and we cannot weigh the evidence. The motion was addressed to the discretion of the trial court and we cannot say that that discretion was withheld or abused.

██ Some claim is made in the brief that the legacy in question may have been void for uncertainty. But this suggestion comes too late. It was not an issue at the trial and it was not suggested when the exceptions to the charge were taken.

*Judgment affirmed.*