GEORGE GOODENOUGH ET AL. *v.* DONALD McGREGOR, ADMR., ET AL.

October Term, 1935.

Present: POWERS, C. J., SLACK, MOULTON, THOMPSON, and SHERBURNE, JJ.

Opinion filed November 5, 1935.

*S. E. Richardson* and *Searles & Graves* for the defendants.

*James B. Campbell* and *Shields & Conant* for the plaintiffs.

MOULTON, J.   This cause comes before us on the defendant's appeal from a decree of the court of chancery.   There is also a bill of exceptions, challenging certain findings of fact as being unsupported by the evidence, and certain evidence as inadmissible.

The bill alleges that in 1928 George N. Roberts, the defendant's intestate, was the owner of the Aldrich farm, in the town of St. Johnsbury, and agreed to sell a part of it to the plaintiff W. W. Goodenough, and in the course of the negotiations pointed out to him the westerly line of the land about to be con-

veyed, which included a part of the sugar place, and the sugar house; that there was then standing another sugar house, owned by Roberts, westerly of the indicated boundary line, which the plaintiffs believed to be the sugar house mentioned in the deed from Roberts to them, east of which the line was described in the deed as being located. It is charged that Roberts knew that the westerly line described in the deed was not the line that he pointed out, and, intending that the plaintiffs should be misled by the description, caused the line to be set forth in the deed as being easterly of the sugar house, with the intention of defrauding the plaintiffs by giving them to understand and believe that the sugar house referred to was the one standing upon the other property owned by Roberts, and not the one upon the Aldrich farm; that the plaintiffs, so understanding and believing, purchased the land and paid Roberts the sum of $800 as the purchase price, and had no knowledge that Roberts or his representatives claimed to own any land on the Aldrich farm east of the line pointed out to them, until, in 1933, the defendants constructed a fence across the lot, from north to south, easterly of the Aldrich sugar house. The prayer is that the defendants may be ordered to return the purchase price, with interest thereon, to the plaintiffs; or, in the alternative, that the line pointed out may be established as the true line, and the defendants ordered to remove their fence, and for general relief.

The answer, while admitting many of the allegations of the bill, denied that the westerly line of the land which Roberts agreed to convey was as the plaintiffs claimed; that Roberts had perpetrated any fraud upon them; and that they had been deceived into the belief that the sugar house mentioned in the deed was not the one standing upon the Aldrich farm.

After hearing, the chancellor made findings of fact, in which the following appears: On February 14, 1928, Roberts conveyed a portion of the Aldrich farm to the plaintiffs. On that day there was a sugar house on the farm, distant about five feet westerly of the westerly line as claimed by the defendants, and there was also another sugar house standing upon property known as the "Orange Roberts premises" distant approximately 390 feet in a southwesterly direction from the southerly end of the line as claimed by the plaintiffs. An old fence, or what was left of one, stood upon the southerly part of this

claimed line, but on the line claimed by the defendants there was no fence or monument of any kind. During the spring of 1928, Roberts, while on the land, pointed out to the witnesses Dexter Welch and John J. Sherry the westerly line of the property conveyed, which line coincided with the plaintiff's claim. According to the defendants' claim, the area of land conveyed is 60.915 acres, which includes a lot of about ten acres, lying east of the highway, to which Roberts did not claim to have a good title, and about one and one-half acres within the limits of the highway; according to the plaintiff's claim, the area is approximately 67.75 acres, excluding the ten-acre lot and the highway. The disputed area is 17.34 acres in extent. The true line is found to be the one claimed by the plaintiffs.

The decree is that the westerly boundary of the land conveyed in the deed from Roberts to the plaintiffs begins in the southerly line of the Aldrich farm where the remains of the old fence intersect it, at a point approximately 390 feet northeasterly from the corner of the foundation of an old sugar house on the ''Orange Roberts place'' and running due north to the northerly line of the Aldrich farm; and the defendants are ordered to remove, within thirty days from the filing of the decree, the fence erected by them across the farm easterly from the Aldrich sugar house.

■ ■ The bill of complaint seems to have been intended either as a petition to cancel the deed because of the fraudulent misrepresentations of the grantor, or as a proceeding to reform the deed because of the mistake of the grantee as to the boundaries of the property, induced by the fraud of the grantor. But no facts are found which support either of these positions, or entitle the plaintiffs to the relief sought. There is no finding that Roberts made any fraudulent representations to the plaintiffs, or that he induced them to believe and understand that the boundary was elsewhere than as described in the deed. The findings as made do not conform to the issues presented by the pleadings, upon which the defendants were entitled to rely, and are not binding. *Noyes & Hinman* v. *Pierce*, 97 Vt. 188, 193, 122 Atl. 896.

■ By the allegation in the bill that Roberts knew that the westerly boundary as given in the deed was not the westerly boundary that he pointed out to the plaintiffs, it is admitted that there was no confusion between the two lines. Neverthe-

less it is urged by the plaintiffs that the cause was tried upon the theory that there was a latent ambiguity in the deed, which is claimed to exist in the facts that the westerly line is described as being just easterly of a sugar house, and that there were at the time two sugar houses, both of which were owned by Roberts, thus making it doubtful which one was meant. But the deed is not made a part of the findings, and, although it was introduced in evidence, we cannot enlarge or supplement the statement of facts by a reference to it. *Partridge* v. *Cole,* 98 Vt. 373, 376, 127 Atl. 653.

██ The decree, therefore, is erroneous. It is not in accord with the issues made by the pleadings; it is not warranted by the findings of fact, which do not support those issues, and, even upon the theory for which the plaintiffs contend, are insufficient, since they do not contain the description in the deed, without which the existence of latent ambiguity cannot be ascertained.

██ It does not necessarily follow, however, that the plaintiffs are without remedy, upon proper allegations and proper proof. But they must amend, for they cannot recover on a case not made by their bill. *Hitchcock* v. *Kennison,* 95 Vt. 327, 334, 115 Atl. 156. If there is in fact a latent ambiguity, this may be explained by extrinsic evidence. *Northern Trust Co.* v. *Perry,* 105 Vt. 524, 527, 168 Atl. 710, 94 A. L. R. 7. As Mr. Justice Holmes has put it, in *Doherty* v. *Hill,* 144 Mass. 465, 468, 11 N. E. 581, 583: "the words used must be translated into things and facts by parol evidence." If there is such an ambiguity and the boundary as understood and intended by the parties is in truth the one claimed by the plaintiffs, the defendants have committed a trespass in building and maintaining their fence, and the plaintiffs are entitled in equity to injunctive relief, or to maintain an action at law for the recovery of damages.

It is unnecessary to consider the various exceptions to the findings and evidence.

*Decree reversed, and cause remanded with leave to the plaintiffs to apply for permission to amend, or for a transfer to a court of law, as they may be advised.*