BALDUF, EXR., APPELLEE, *v.* EVANS ET AL., APPELLEES;
BALDUF, APPELLANT.

(No. 4720—Decided June 8, 1953.)

*Messrs. Cline, Bischoff & Cook,* for appellee executor.

*Mr. Andrew J. Quinn* and *Mr. Harley A. Watkins,* for appellant.

CONN, J.  The executor of the estate of Robert J. Evans, deceased, began an action in the Probate Court to construe the will of such decedent.  The devisees

and legatees were made parties defendant. Each of the defendants was served with summons or entered an appearance, except one, which omission is not material here.

On page two of the petition are the following averments:

"During the last sickness of Robert J. Evans in March, 1951, defendant Lucille M. Evans, as the agent, at the direction of Robert J. Evans, got out of the metal box in the back room of the Evans home, the sum of fourteen hundred dollars and deposited the same, along with other funds, in a commercial account in the name of '(Mrs.) Lucille M. Evans, agent' in The Ohio Citizens Trust Company of Toledo, Ohio. Also in the metal box in the back room in the Evans home at the time of decedent's death were two bank books, to wit:

"(a) Savings account number 45,462 in the name of Robert J. Evans with The Home Building and Savings Company; balance January 1, 1951, $708.78.

"(b) Savings account number S 3,054 in the name of Robert J. Evans with The Toledo Trust Company; balance March 5, 1951, $936.80."

It is alleged further by plaintiff that he is in doubt as to the true construction of such will in respect to the fifth item thereof, "and can not safely proceed without the direction of the court as to whether said $1,400 and the proceeds represented by said two bank accounts pass to Nell Balduf" under such item, which is as follows:

"Fifth. I give and bequeath to Nell Balduf all cash in the box in the desk in the back room of my house."

A copy of the will of decedent is attached to the petition and made a part thereof. It appears that defendant Lucille M. Evans, under the eighth item of testator's will, was named as residuary legatee.

The defendant Lucille M. Evans filed an answer to plaintiff's petition, wherein, by reference to paragraphs, certain allegations of the petition were admitted, and such defendant averred that "there was no box on the desk in the back room." Defendant Evans admitted that the contents of the box, as described in the petition, had been removed, and that $1,400 was deposited in the bank. Following a general denial, defendant Evans joined in the prayer of plaintiff's petition that the court find that the $1,400 and the credit represented by the bank books are a part of the residue of decedent's estate.

The defendant Nell Balduf filed her answer wherein she admitted the allegations in certain paragraphs of plaintiff's petition by reference to the numbers thereof, notwithstanding the paragraphs were not numbered. Each defendant adopted this method of pleading, which is not approved for the reason that confusion arises as to issues of fact raised on the pleadings.

Answering further, defendant Balduf averred that testator, Robert J. Evans, for many years kept and maintained the metal lockbox, mentioned in his will, on the desk in the back room of his home; that its location was temporarily changed from time to time by the testator and others at his direction from its usual place on such desk to other locations in the same or other rooms in his residence; that it was the custom, practice and habit of the testator to keep in such box substantial currency, money, cash, checks, bankbooks, money orders and other funds, and to use same to pay current bills and expenses; that it was the further practice of testator, when incapacitated, to direct others to remove certain specified sums from the box for the payment of current expenses and in event of severe illness to orally appoint Lucille M. Evans as his agent

to deposit the currency from the box in a bank account in her name as agent in order that she might pay current bills and expenses; that upon his recovery, testator would direct her to reduce the account to currency and restore it to said metal box; and that Lucille M. Evans did act as agent for testator in 1948 and again in 1951 with respect to the currency in the box.

Defendant Balduf averred further that on November 16, 1951, the Probate Court had ordered Lucille M. Evans to restore the funds and the amounts of certain checks to the plaintiff, which she had previously removed from the box in accordance with the instructions of testator, excepting amounts disbursed in payment of current bills, and also to pay to plaintiff the amount of cash found in testator's wallet, which he had previously taken from the box.

Such defendant alleged further that it was the intention, purpose and will of testator that, under the fifth item of his will, she should have "all the currency, checks, money orders, bankbooks and other evidence of indebtedness owned by him and customarily kept by him in such metal lockbox," and that testator on many occasions had advised the defendant that the contents of the metal box had been left to her by his will.

Defendant Balduf prayed that the court find the true intention of the testator as expressed in the fifth item of his will, and order and adjudge that "all money, currency, money orders, checks and bankbooks customarily kept by said testator in said metal box shall pass to and vest in Nell Balduf."

No other pleadings were filed, and the affirmative allegations in the answers, to which reference has been made, were not traversed. It has been held that in an action brought by executors under favor of Section 10504-66, General Code, for the construction of a will,

the petition raises all the issues and that no other pleadings are required. *Hood* v. *Garrett*, 53 Ohio App., 464, 5 N. E. (2d), 937. However, it appears to be the practice for interested parties to interplead, and for the court to consider all factual issues raised by the pleadings.

In the instant case, the defendant Evans, referred to hereinafter as appellee, moved the court for judgment on the pleadings. The motion was heard and submitted "for judgment on the pleadings," was granted, and judgment was entered, the journal entry reciting "that the property described in plaintiff's petition and in the answer of the defendant Nell Balduf, passes under 'item eight' [the residuary clause] of the decedent's last will and testament." From the judgment of the trial court, defendant Balduf, referred to hereinafter as appellant, appealed on questions of law. Such appellant assigns as error the action of the trial court in entering judgment on the pleadings.

The practice of entering judgment on the pleadings was known to the common law. This authority of the court has been confirmed and extended in our procedure by statute. Section 11601, General Code. In considering a motion for judgment on the pleadings, the court is required to apply the rule of liberal construction in favor of the party opposing the motion and, also, to give him the benefit of every reasonable inference that tends to support the sufficiency of the pleadings.

In passing on the issue raised by such motion, all allegations of fact well pleaded and not denied are considered as true. This rule is uniformly recognized. The same rule applies where a pleading is attacked by a general demurrer.

In 31 Ohio Jurisprudence, 878, Section 287, the rule is concisely stated as follows:

"In order that a court may, on a proper motion, grant judgment on the pleadings, it must appear that, taking all the averments of the pleadings as they stand, they present simply a question of law; such motion should be overruled if the pleadings disclose an issuable fact, or a direct issue, joined upon a single material proposition which would require the introduction of testimony by the moving party to maintain such issue upon his part to entitle him to judgment, or raise a question of fact for the jury. * * *"

See, also, *Cleveland Concession Co.* v. *City of Cleveland,* 84 Ohio App., 193, 83 N. E. (2d), 818.

From our analysis of the pleadings, it clearly appears that material issues of fact are raised by virtue of the allegations in plaintiff's petition and the affirmative averments and general denials in the respective answers of the appellee Evans and appellant Balduf. On this thesis, we find ourselves in accord with appellant that the trial court was without authority to grant the motion of appellee and enter judgment on the pleadings as a matter of law.

Appellee concedes that the motion for judgment on the pleadings admits the allegations of fact contained in the answer of appellant, but notwithstanding this admission, nevertheless, contends that there is no issue on the pleadings other than one of law. This conclusion is predicated on the ground that the language of the will is unambiguous and, therefore, that parol evidence is inadmissible.

In other words, despite the factual situation presented on the pleadings, including those facts which are related to testator's intention, the appellee contends that, there being no ambiguity in the language employed by the testator, extrinsic evidence is not admissible as to the "custom, practice and habit of testa-

tor'' or of ''the intention, purpose and will of said testator'' for the reason that the cardinal rule in the construction of wills requires the court to determine the testator's intention from the will itself. However that may be, it is conceivable that upon the trial of this case a latent ambiguity may arise as to testator's custom or habit or as to relevant facts and circumstances existing at the time his will was executed.

Where a latent ambiguity arises by reason of extraneous circumstances, known to the testator, extrinsic evidence of such circumstances may be admitted on the issue of testator's intention. This rule is widely recognized. See *Holmes, Trustee,* v. *Hrobon,* 158 Ohio St., 508, 518, 110 N. E. (2d), 574; *Williams, Admr.,* v. *Black,* 42 Ohio App., 423, 182 N. E., 351; *Nicholl, Exr.,* v. *Bergner,* 76 Ohio App., 245, 63 N. E. (2d), 828; 41 Ohio Jurisprudence, 612, Section 480; 57 American Jurisprudence, 676, 741, Sections 1042 and 1144; 94 A. L. R., 48.

The arguments of counsel, both on oral presentation and by brief, have assumed a wide range and embraced collateral questions. The issue here is narrow and is encompassed within the single inquiry, to wit, are factual issues raised on the pleadings? In answering this question in the affirmative, we are not required to go further, on the record before us, and anticipate whether or not the evidence that may be offered on the trial will be competent and admissible on the issue of testator's intention.

It is our opinion, as already indicated, that the trial court erred in entering judgment on the pleadings. The judgment is reversed, and the cause is remanded for further proceedings.

*Judgment reversed.*

Fess and Deeds, JJ., concur.