STRICKLER ET AL., APPELLANTS, *v.* COURTRIGHT, EXR., ET AL., APPELLEES.

(Decided November 8, 1939.)

Mr. C. A. Radcliffe and Mr. J. W. Deffenbaugh, for appellants.

Mr. L. R. Pugh, Messrs. Silbaugh & Silbaugh and Mr. T. T. Courtright, for appellees.

SHERICK, P. J.  This is an action, instituted by those who would naturally have taken under the law, to contest the will of Jennie B. Landis.  The cause was filed within the statutory time, and service of summons was had upon the executor, and the "Griswold Y. W. C. A. Memorial" of Columbus by handing a copy thereof to one Clytie Davies, the president thereof.  After the expiration of the time for commencement of such contests, the executor moved for a dismissal of the action. The reasons therefor will be hereinafter indicated. Thereafter the plaintiffs moved for judgment on the pleadings, that is, the amended petition, and the affidavits and exhibits attached to the executor's motion, which motion plaintiffs treat as if it were an answer so denominated.

The trial court overruled plaintiffs' motion, sustained that of the executor and dismissed the petition. From these two orders plaintiffs appeal and now assert that the court erred in the two matters aforesaid.

The will of the testatrix, which appears as an exhibit attached to the executor's motion, provides in its first item for the payment of debts.  Its second item reads as follows:

"I give, devise and bequeath all the rest and residue of my property and estate, of every kind and description whatsoever, whether real or personal, and wheresoever situated, to the Griswold Y. W. C. A. Memorial, of Columbus, Franklin county, Ohio, absolutely and in fee simple.  Provided, however, that it is my desire and will, that my said estate shall be kept intact by the trustees or board of managers of said Griswold Y. W. C. A. Memorial, for a period of three (3) years from the date of my decease, and the income only of my said estate used by the said devisee memorial during said three (3) year period.  At the expiration of said three year period, as aforesaid, the said trustees or board of managers, as the case may

be, shall have full power and authority to so continue to manage and control my said estate as during said three year period, or they may sell and convert all my said estate into cash, whichever in their judgment shall be for the best interest of said Griswold Memorial, and use any or all of said property and estate for the use, maintenance or betterment of said memorial, as they may determine."

A copy of the will of Mary J. Griswold is also attached as an exhibit to the motion and affidavits filed by the executor. This instrument created a trust estate and directed her executor and trustees to build a building upon land owned by the Y. W. C. A. of Columbus, Ohio, and when completed to convey and invest the full title thereto, to and in the Y. W. C. A. of Columbus, Ohio. This has been done. From these happenings it may now be concluded that the "Griswold Y. W. C. A. Memorial" is a building, so known publicly. It is in fact a part of the corpus of the trust fund created by the Griswold will. It is now owned by the Y. W. C. A. of Columbus. The Griswold will, however, augments this gift, in that it bequeaths, after the building's completion and delivery, a sum of money to the trustees of the Y. W. C. A. for its care, maintenance and repair, to be known as the "Griswold Memorial Fund." It is apparent therefrom that at least a portion of the Griswold benevolence is an existing trust managed by the trustees of the Y. W. C. A.

The motion and affidavits of the executor further state that Lichtenberg, Hoyer and Pugh are the duly designated, qualified and acting fiscal trustees of the Y. W. C. A. of Columbus, Ohio; that they are such in accordance with the statutory authority found embodied in Sections 10033, 10034, 10035 and 10036, General Code; and that as such fiscal trustees, they are specifically and exclusively entrusted with the "Griswold Y. W. C. A. Memorial." The same is of course

true of the "Griswold Memorial Fund," both as a matter of law and testamentary provision.

It is also made to appear that Clytie Davies is not the president of the "Griswold Y. W. C. A. Memorial," which has no individual or corporate existence, but that she is only at best a director of the Women's Board of the Y. W. C. A. She is not one of the fiscal trustees of the Y. W. C. A., who are entrusted with control and management of the property of the Y. W. C. A., as provided by the statutes enumerated.

We do not understand that any of these facts are in controversy. It is indeed difficult to comprehend how there could be any dispute concerning them. This brings us to a consideration of the two major claims and two matters of lesser consequence that as matters of law are in question. We shall first dispose of the lesser things. It is maintained by plaintiffs that the fiscal trustees of the Y. W. C. A. of Columbus have entered their appearance by reason of the fact that one of its trustees subscribes to the affidavit in support of the executor's motion and appears as one of counsel for the executor. We shall content ourselves with the sole comment in respect thereto that neither the record before us nor the law bears out the assumption indulged.

It is also urged that the executor is not the proper party to defend this suit. That is of course true. But is he seeking to defend? It is the duty of an executor to proceed to administer his trust. This is certainly commendatory when a will contest has not been commenced within the period of six months as now prescribed by law. He was made a party to the action. He entertained the theory that, inasmuch as the real beneficiaries under the will were not made parties to the action, a contest was never commenced. He, therefore, upon leave of court, moved for a dismissal of the cause, for the obvious reason that if his theory was

legally correct, plaintiffs were improperly delaying the administration of his trust. He did not file an answer to plaintiffs' petition. Rather, plaintiffs moved for judgment on the pleadings, thereby treating the executor's motion and supporting affidavits as an answer, or as a demurrer to the competency or sufficiency of the facts set forth. If the executor's views are correct, his action is deserving of approbation.

We would now revert to plaintiffs' principal claim. They assert that the "Griswold Y. W. C. A. Memorial," being an inanimate object, and not a person, natural or artificial, or a corporation or association of persons, is an object incapable of taking title to property; that testatrix, having named no one capable of taking, did a vain thing; that her attempted devise and bequest is a complete nullity; and that she therefore died intestate and her property descends to plaintiffs as her heirs at law. Plaintiffs further urge that to hold otherwise in this instance would amount to a rewriting of the testatrix's will. Plaintiffs, however, do recognize that "in proper cases a will may be explained by such evidence [meaning extrinsic evidence] in regard to the person intended," as is evident by the above quotation from 28 Ruling Case Law, 270, Section 243. The question follows: Is this a proper case?

We are directed to a line of authorities where gifts were attempted to be made to non-existent organizations. We are unable to percieve their applicability in the present instance as we shall attempt to demonstrate. To our notion the query is solvable by application of a well-recognized rule. Page on Wills, Vol. 1, 1525, Section 916, has this to say:

"Misnomer is especially frequent in devises to a corporation; usually to a charitable corporation. The real names of such corporations are often never used and never known by people generally; and many testa-

tors do not feel the need, in preparing a will, of getting the real name of the proposed beneficiary.''

''Where a corporation is given an erroneous name in a will such a mistake will not avoid the gift if it is possible by means of the name used, or by admissible extrinsic evidence, to identify the corporation intended as beneficiary with sufficient certainty.''

A host of authorities recognizing this rule might be enumerated. We would, however, direct attention to but one of the leading cases without comment or quotation. See *Woman's Union Missionary Soc.* v. *Mead,* 131 Ill., 338, 23 N. E., 603; and the note appearing in 94 A. L. R., 26, particularly pages 79, 82, 83 and 88 *et seq.* It has found recognition in *McCormick, Admr.,* v. *Dunker,* 3 C. C. (N. S.), 668, 14 C. D., 553, affirmed by the Supreme Court, without opinion, 70 Ohio St., 490. *Townsend's Exrs.* v. *Townsend,* 25 Ohio St., 477; and *Williams, Admr.,* v. *Black,* 42 Ohio App., 423, 182 N. E., 351.

It is clear from item two of the will that the testatrix knew and thought well of the Griswold bequest to the Y. W. C. A. of Columbus. Unquestionably she was of like mind concerning the *cestui que trust,* that is the Columbus Y. W. C. A. She had an evident intent and purpose to reinforce that trust, and to assure a perpetuation of its purpose. She would not see it fail for want of funds, but would assure its continued use, maintenance and betterment by her benevolence. She was unconcerned with the true name of the object of her bounty, but she was clear and explicit in her purpose.

She intended to aid the Y. W. C. A. by the perpetuation of its home. She proposed that her gift be administered by the "trustees or board of managers of said Griswold Y. W. C. A. Memorial." She desired that the same trustees, however constituted or chosen, act for her, and that they should hold, manage and

control her trust estate for the use and benefit of the Y. W. C. A. of Columbus, through the medium of perpetuation of the Griswold Memorial which was and is now the Columbus home for the Y. W. C. A.

It so happens that the trustees or board of managers of the "Griswold Y. W. C. A. Memorial" are in fact and in law, by virtue of the code sections enumerated, the fiscal trustees of the Y. W. C. A. of Columbus, and as such they accepted the Griswold Memorial erected on Y. W. C. A. property which they already controlled and managed; and as such fiscal officers they now possess and control the "Griswold Memorial Fund" for the upkeep and continuing repair of the "Griswold Y. W. C. A. Memorial."

It is therefore clear and certain that the fiscal trustees, irrespective of the true name of the body which they constitute, are colloquially known or entitled to be known as trustees of the Griswold Memorial. It is therefore possible by means of the named beneficiary and the further recitals, together with a bit of extrinsic evidence, to identify with certainty the Y. W. C. A. of Columbus as the intended beneficiary. When item two of this will is read in the light of surrounding circumstances, and the intention therein contemplated, and the purposes clearly expressed, it is plain to the members of this court that the seeming ambiguity of misnomer is readily explainable. We perceive no insuperable barrier to the rule that wills must be in writing in reaching the conclusion stated.

It follows that the trial court did not err in its rulings upon either of the motions before it. The judgment is affirmed.

*Judgment affirmed.*

LEMERT and MONTGOMERY, JJ., concur.