BEASTON, Appellee,

v.

SLINGWINE, Exr., et al., Appellants.

[Cite as *Beaston v. Slingwine,* 155 Ohio App.3d 505, 2003-Ohio-6702.]

Court of Appeals of Ohio,
Third District, Seneca County.

No. 13–03–04.

Decided Dec. 15, 2003.

James W. Hart and James C. Barney, for appellant, Extended Family Adult Care.

James Murray, for appellees next-of-kin and heirs–at–law.

Kenneth P. Fox, for appellees Slingwine and Wise, co-executors.

James H. Allison, for appellee American Heart Association of Seneca County.

Dennis J. Eberly, for appellee Ann Beaston.

James D. Supance, for appellees Marvin J. Wise and Robert A. Wise.

Derek W. Devine, for appellee Seneca County Chapter of Hospice.

Stephen M. McHugh, for appellee Society of Precious Blood.

SHAW, Judge.

{¶ 1} This is an appeal from the judgment of the Probate Division of the Seneca County Common Pleas Court, which found that defendant-appellant, Karen Pelton, d.b.a. Extended Family Adult Care Center, was not entitled to the residuary of Edna S. Falter's estate.

{¶ 2} Falter died testate on April 6, 2000. Prior to her death, she drafted two wills. The second will, which is the subject of this dispute, was drafted on July 27, 1999. The document contained a clause that left the residuary of her estate to "Extended Family Adult Care, Bellevue, Ohio." At the time of her death, Falter lived in an adult care facility with the registered trade name "Extended Family Adult Care Center," which is located in Bellevue Ohio.

{¶ 3} Upon Falter's death, separate applications were made regarding each of her two wills. Ultimately, the second will was admitted to probate. The executor and a beneficiary under the first will, Ann Beaston, subsequently filed a complaint, alleging (1) that the second will is invalid because the testator lacked testamentary capacity and was under undue pressure and influence and (2) that the residuary clause is invalid because "Extended Family Adult Care" is not a legal entity and thus lacks capacity to take under a will.

{¶ 4} With the trial court's permission, the parties filed cross-motions for summary judgment regarding the validity of the will's residuary clause. The trial court entered summary judgment on behalf of Beaston, holding that "Extended Family Adult Care," a nonregistered trade name, is not the same as "Extended Family Adult Care *Center*," a registered trade name and legal entity. The trial court went on to find "Extended Family Adult Care" as named in Falter's will lacked capacity to take under the will.

{¶ 5} Thereafter, this court reversed the judgment of the trial court, stating that there was a question of fact, or latent ambiguity, as to whether Falter intended to leave the residuary of her estate to "Extended Family Adult Care Center" but mistakenly gave the bequest to "Extended Family Adult Care" in her will. On November 18, 2002, a trial was held wherein a jury was instructed to determine whether Falter intended to leave the residuary of her estate to the place where she lived, "Extended Family Adult Care," or to "Karen Pelton dba Extended Family Adult Care Center." The jury found that Falter intended to leave the residuary of her estate to the place where she lived. Thereafter, the trial court determined that because a place cannot accept a bequest, the bequest was void, and therefore, the residuary would pass under the statutes of descent and distribution.

{¶ 6} Pelton now appeals, asserting seven assignments of error:

### First Assignment of Error

"The trial court erred in instructing the Jury that 'Extended Family Adult Care, Bellevue, Ohio is a place and not a business entity.' "

### Second Assignment of Error

"The trial court erred in instructing the jury that the burden of proof is upon defendant-appellant to prove by a preponderance of the evidence that Edna S. Falter in her will of January 27, 1999, intended to benefit Karen Pelton doing business as or at Extended Family Adult Care Center."

### Third Assignment of Error

"The trial court erred in ordering defendant-appellant to present her case-in-chief before plaintiff-appellee presented her case-in-chief."

### Fourth Assignment of Error

"The trial court erred by submitting improper verdict forms to the jury."

### Fifth Assignment of Error

"The trial court's judgment entry filed November 22, 2002 is contrary to law and is not sustained by the manifest weight of the evidence."

### Sixth Assignment of Error

"The trial court erred in denying defendant-appellant's motion for a new trial."

### Seventh Assignment of Error

"The trial court erred in denying defendant-appellant's motion for judgment notwithstanding the verdict."

{¶ 7} The treatment of this case by Beaston, her supporters, and the trial court on remand seems to center around a statement we made in our previous decision in this case, *Beaston v. Slingwine* (Dec. 5, 2001), Seneca App. No. 13–01–23, 2001 WL 1545474. In that decision, we noted, "[A]ppellant [Pelton] concedes that 'Extended Family Adult Care, Bellevue, Ohio,' as named in Ms. Falter's will, is not a business entity but, rather, merely the name of a place." Based on this statement, the stance of this declaratory judgment action took a turn down an unexpected path. However, in making this statement, it was not our intent to make a finding of fact, binding upon all subsequent proceedings as to an alleged dichotomy between the "place" and the "business entity." Rather, we were merely trying to clarify, however inartfully, that the name "Extended Family Adult Care" is not actually the registered name of the business entity, "Extended Family Adult Care Center."

{¶ 8} Regretfully, it seems that the use in our prior opinion of the phrase *"Karen Pelton dba* Extended Family Adult Care Center" rather than the

registered trade name of the business, "Extended Family Adult Care Center" created additional confusion on remand. In sum, the interjection of Karen Pelton's name appears to have turned a simple determination of whether "Extended Family Adult Care" is a misnomer for "Extended Family Adult Care Center," into a question of whether Falter intended the residuary of her estate to go to the "place" or to Karen Pelton. This is not the issue of fact to be tried in this case, and it was error to frame the instruction to the jury in those terms.

{¶ 9} Contrary to the turn of events described above, we would now clarify that the question of fact to be determined by the jury is simply whether "Extended Family Adult Care" as written in Edna Falter's will is merely a misnomer for "Extended Family Adult Care Center." In other words, if Edna Falter, in writing the words "Extended Family Adult Care," actually intended to make her bequest to "Extended Family Adult Care Center" then the fact that this is a trade name for a business owned by Karen Pelton is irrelevant to the descriptive validity of the bequest, i.e., whether the bequest was described adequately enough to be valid.[1]

{¶ 10} Additionally, as there was a question as to who bore the burden of proof in the previous trial, we will address the burden of proof that will be applicable on remand. As stated in our previous opinion,

"[A] gift will not fail where it is possible to show by means of admissible extrinsic evidence, or by the name used, that the beneficiary named in the will is a misnomer and that a legal entity, in this case the sole proprietorship, was the intended beneficiary." *Beaston v. Slingwine*, Seneca App. No. 13–01–23; see, also, *Strickler v. Courtright* (1939), 63 Ohio App. 1, 5–6, 25 N.E.2d 293.

{¶ 11} While Pelton argues that she should not have the burden of proof because she did not bring this action, the name in Falter's will does not accurately reflect the registered trade name of the business. Consequently, it will be incumbent upon Pelton to prove that "Extended Family Adult Care" was merely a misnomer for "Extended Family Adult Care Center" or the gift will fail. See *Kovar v. Kortan* (1965), 3 Ohio Misc. 63, 68–9, 32 O.O.2d 302, 209 N.E.2d 762 (allowing extrinsic evidence to show that although decedent named "Marbetena Fathers of Depere, Wisconsin" in his will, he intended to leave his bequest to "Norbertine Fathers of DePere, Wisconsin"); *McCormick v. Dunker* (1903), 14 Ohio C.D. 553, 1903 WL 548, affirmed 70 Ohio St. 490, 72 N.E. 1161 (finding that

---

1. We note that even if the business entity is deemed to be described adequately the question of undue influence still remains. Moreover, the status and involvement of Karen Pelton in the business is obviously relevant to the issue of undue influence, should the case progress to that level.

a bequest to a corporation erroneously named in a will, will not fail if it is possible to identify the corporation by extrinsic evidence); *Strickler, supra.*

{¶ 12} Based on the foregoing, Pelton's assignments of error one through seven are sustained and the judgment of the trial court is reversed and remanded for further proceedings in accordance with this opinion.

Judgment reversed
and cause remanded.

THOMAS F. BRYANT, P.J., and CUPP, J., concur.