OPINION
{¶ 1} This is an appeal from the judgment of the Probate Division of the Seneca County Common Pleas Court, which found that Defendant-appellant, Karen Pelton dba Extended Family Adult Care Center ("Pelton"), was not entitled to the residuary of Edna S. Falter's ("Falter") estate.[1]
 {¶ 2} Ms. Edna S. Falter (Falter) died testate on April 6, 2000. Prior to her death, she drafted two wills. The second will, which is the subject of this dispute, was drafted on July 27, 1999. The document contained a clause that left the residuary of Ms. Falter's estate to "Extended Family Adult Care, Bellevue, Ohio." At the time of her death, Falter lived in an adult care facility with the registered trade name, "Extended Family Adult Care Center" which is located in Bellevue Ohio.
 {¶ 3} Upon Ms. Falter's death, separate applications were made regarding each of her two wills. Ultimately, the second will was admitted to probate. The executor and a beneficiary under the first will, Ann Beaston ("Beaston"), subsequently filed a complaint, alleging (1) that the will is invalid because the testatrix lacked testamentary capacity and was under undue pressure and influence, and (2) that the residuary clause is invalid because the "Extended Family Adult Care" is not a legal entity and thus lacks capacity to take under a will.
 {¶ 4} With the trial court's permission, the parties filed cross motions for summary judgment regarding the validity of the will's residuary clause. The trial court entered summary judgment on behalf of Beaston, holding that "Extended Family Adult Care," a non-registered trade name, is not the same as "Extended Family Adult Care Center," a registered trade name and legal entity. The trial court went on to find "Extended Family Adult Care" as named in Falter's will lacked capacity to take under the will.
 {¶ 5} Thereafter, this court reversed the order of the trial court stating that there was a question of fact, or latent ambiguity, as to whether Falter intended to leave the residuary of her estate to "Extended Family Adult Care Center" but mistakenly gave the bequest to "Extended Family Adult Care" in her will. On November 18, 2002, a trial was held wherein a jury was instructed to determine whether Falter intended to leave the residuary of her estate to the place where she lived, "Extended Family Adult Care" or to "Karen Pelton dba Extended Family Adult Care Center." The jury found that Falter intended to leave the residuary of her estate to the place where she lived. Thereafter, the trial court determined that because a place cannot accept a bequest, the bequest was void and therefore, the residuary would pass under the statutes of descent and distribution.
 {¶ 6} Pelton now appeals, asserting seven assignments of error:
 First Assignment of Error The trial court erred in instructing the Jury that "ExtendedFamily Adult Care, Bellevue, Ohio is a place and not a businessentity."
 Second Assignment of Error The trial court erred in instructing the jury that the burdenof proof is upon defendant-appellant to prove by a preponderanceof the evidence that Edna S. Falter in her will of January 27,1999, intended to benefit Karen Pelton doing business as or atExtended Family Adult Care Center.
 Third Assignment of Error The trial court erred in ordering defendant-appellant topresent her case-in-chief before plaintiff-appellee presented hercase-in-chief.
 Fourth Assignment of Error The trial court erred by submitting improper verdict forms tothe jury.
 Fifth Assignment of Error The trial court's judgment entry filed November 22, 2002 iscontrary to law and is not sustained by the manifest weight ofthe evidence.
 Sixth Assignment of Error The trial court erred in denying defendant-appellant's motionfor a new trial.
 Seventh Assignment of Error The trial court erred in denying defendant-appellant's motionfor judgment notwithstanding the verdict.
 {¶ 7} The treatment of this case by Beaston, her supporters and the trial court on remand seems to center around a statement we made in our previous decision in this case, Beaston v.Slingwine, Seneca App. No. 13-01-23, 2001-Ohio-2330. In that decision, we noted, "Appellant [Pelton] concedes that `Extended Family Adult Care, Bellevue, Ohio,' as named in Mrs. Falter's will, is not a business entity but, rather, merely the name of a place." Based on this statement, the stance of this declaratory judgment action took a turn down an unexpected path. However, in making this statement, it was not our intent to make a finding of fact, binding upon all subsequent proceedings as to an alleged dichotomy between the "place" and the "business entity." Rather, we were merely trying to clarify, however inartfully, that the name "Extended Family Adult Care" is not actually the registered name of the business entity, "Extended Family Adult Care Center."
 {¶ 8} Regretfully, it seems that the use in our prior opinion of the phrase "Karen Pelton dba Extended Family Adult Care Center" rather than the registered trade name of the business, "Extended Family Adult Care Center" created additional confusion on remand In sum, the interjection of Karen Pelton's name appears to have turned a simple determination of whether "Extended Family Adult Care" is a misnomer for "Extended Family Adult Care Center," into a question of whether Falter intended the residuary of her estate to go to the "place" or to Karen Pelton. This is not the issue of fact to be tried in this case, and it was error to frame the instruction to the jury in those terms.
 {¶ 9} Contrary to the turn of events described above, we would now clarify that the question of fact to be determined by the jury is simply whether "Extended Family Adult Care" as written in Edna Falter's will is merely a misnomer for "Extended Family Adult Care Center?" In other words, "If Edna Falter, in writing the words "Extended Family Adult Care" actually intended to make her bequest to "Extended Family Adult Care Center" then the fact that this business is a dba owned by Karen Pelton is irrelevant to the descriptive validity of the bequest, i.e. whether the bequest was described adequately enough to be valid.[2]
 {¶ 10} Additionally, as there was a question as to who bore the burden of proof in the previous trial, we will address the burden of proof which will be applicable on remand As stated in our previous opinion,
A gift will not fail where it is possible to show by means ofadmissible extrinsic evidence, or by the name used, that thebeneficiary named in the will is a misnomer and that a legalentity, in this case the sole proprietorship, was the intendedbeneficiary.
 Beaston v. Slingwine, Seneca App. No. 13-01-23, 2001-Ohio-2330; see, also, Strickler v. Courtright (1939),63 Ohio App. 1, 5-6.
 {¶ 11} While Pelton argues that she should not have the burden of proof since she did not bring this action, the name in Falter's will does not accurately reflect the registered trade name of the business. Consequently, it will be incumbent upon Pelton to prove that "Extended Family Adult Care" was merely a misnomer for "Extended Family Adult Care Center" or the gift will fail. See Kovar v. Kortan (1965), 3 Ohio Misc. 63, 68-9
(allowing extrinsic evidence to show that although decedent named "Marbetena Fathers of Depere, Wisconsin" in his will, he intended to leave his bequest to "Norbertine Fathers of DePere, Wisconsin"); McCormick v. Dunker (1903), 14 Ohio C.D. 553,affirmed 70 Ohio St. 490 (finding that a bequest to a corporation erroneously named in a will will not fail if it is possible to identify the corporation by extrinsic evidence);Strickler v. Courtright (1939), 63 Ohio App. 1.
 {¶ 12} Based on the foregoing, Pelton's assignments of error one through six are sustained. Pelton's seventh assignment of error asserts that the trial court erred by failing to grant her Motion for Judgment Notwithstanding the Verdict (JNOV). Evaluation of a motion for JNOV is governed by Civ.R. 50(B), and the standard applied is the same as when evaluating a directed verdict motion. Nickell v. Gonzalez (1985), 17 Ohio St.3d 136,137. As stated in Posin v. A.B.C. Motor Court Hotel (1976),45 Ohio St.2d 271, 275:
The evidence adduced at trial and the facts established byadmissions in the pleadings and in the record must be construedmost strongly in favor of the party against whom the [JNOV]motion is made, and, where there is substantial evidence tosupport his side of the case, upon which reasonable minds mayreach different conclusions, the motion must be denied. Neitherthe weight of the evidence nor the credibility of the witnessesis for the court's determination * * *.
 {¶ 13} However, motions for directed verdict and judgment notwithstanding the verdict are not evaluated identically. When a court rules on a judgment notwithstanding the verdict motion, all of the evidence introduced at trial is available for the trial court's consideration. Osler v. Lorain (1986),28 Ohio St.3d 345, 347.
 {¶ 14} In this case, Pelton requested that the trial court grant her motion for JNOV and in doing so declare that Falter intended to leave her residual estate to Karen Pelton dba Extended Family Adult Care Center. However, as we have determined that the only remaining question of fact to be decided on remand is whether "Extended Family Adult Care" as written in Edna Falter's will is merely a misnomer for "Extended Family Adult Care Center," we cannot find that the trial court erred in denying Pelton's motion for JNOV. Consequently, Pelton's seventh assignment of error is overruled.
 {¶ 15} Based on the foregoing, the judgment of the trial court is reversed and remanded for further proceedings in accordance with this opinion.
Judgment reversed and cause remanded.
Bryant and Cupp, JJ., concur.
[1] An opinion deciding this appeal was first issued asBeaston v. Slingwine, 155 Ohio App.3d 505, 2003-Ohio-6702. However, upon granting a subsequent motion for reconsideration, we have vacated that decision and replaced it with the following opinion.
[2] We note that even if the business entity is deemed to be described adequately the question of undue influence still remains. Moreover, the status and involvement of Karen Pelton in the business is obviously relevant to the issue of undue influence, should the case progress to that level.