[Cite as *Hirshell v. Fertgus*, 2012-Ohio-1705.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | |
|---|---|
| RUSSELL HIRSHELL, et al. | JUDGES: |
| | Hon. Patricia A. Delaney, P. J. |
| Plaintiffs-Appellants | Hon. John W. Wise, J. |
| | Hon. Julie A. Edwards, J. |
| -vs- | |
| | Case No. 2011 CA 00199 |
| ALLEN B. FERTGUS | |
| | |
| Defendant-Appellee | O P I N I O N |


CHARACTER OF PROCEEDING:      Civil Appeal from the Court of Common
Pleas, Case No. 2010 CV 03618


JUDGMENT:      Affirmed


DATE OF JUDGMENT ENTRY:      April 16, 2012


APPEARANCES:

For Plaintiffs-Appellants

ERIKA KLIE KOLENICH
KLIE LAW OFFICES
Route 4 Box 529
Buckhannon, WV

For Defendant-Appellee

ROBERT B. DAANE
DAY KETTERER LTD
200 Market Avenue North
Suite 300 Millennium Centre
Canton, Ohio  44702

*Wise, J.*

**{¶1}** Appellant Russell Hirshell appeals from the August 4, 2011, decision entered in the Stark County Common Pleas Court following a jury trial for personal injuries and the trial court's subsequent denial of his motion for directed verdict.

## STATEMENT OF THE FACTS AND CASE

**{¶2}** On October 1, 2010, Russell Hirshell, Barbara Hoffman, and Sean Hoffman filed a civil Complaint against Allen Fertgus for personal injuries and property damage arising from the motor vehicle accident.

**{¶3}** The Complaint alleged that on October 2, 2008, Russell Hirshell sustained personal injuries and that the vehicle owned by Barbara Hoffman sustained property damage when Allen Fertgus failed to stop and rear-ended Hoffman's vehicle.

**{¶4}** Allen Fertgus filed his Answer, which included various defenses, including comparative negligence and sudden emergency.

**{¶5}** Both parties filed motions in limine concerning various issues upon which the trial court heard oral arguments in open court.

**{¶6}** The matter proceeded to trial on Tuesday, July 26, 2011.

**{¶7}** A verdict was returned on Friday, July 29, 2011 in the amount of $4,246.88 in favor of Russell Hirshell, together with a finding that he was 25% comparatively negligent, which reduced the verdict to $3,185.16.

**{¶8}** The jury also returned a verdict in favor of Barbara Hoffman for her property damage in the amount of $4,000.00, and $210.00 in storage fees.

**{¶9}** The jury verdict was reduced to a final judgment entry, which was filed on August 4, 2011.

{¶10} Subsequently, Appellant Hirshell filed post-trial motions for a new trial, or, in the alternative, a motion for judgment notwithstanding the verdict.

{¶11} By Judgment Entry filed September 2, 2011, the trial court denied the motion for a new trial, and/or judgment notwithstanding the verdict. The trial court found that there existed substantial, competent and credible evidence to support the jury's verdict in the case, and that the Appellant Hirshell had a substantial history of pre-existing conditions, which could have been the cause of his pain and suffering.

{¶12} Appellant Russell Hirshell now appeals, assigning the following errors for review:

### ASSIGNMENTS OF ERROR

{¶13} "I. THE TRIAL COURT ABUSED ITS DISCRETION IN DENYING PLAINTIFF'S MOTION IN LIMINE AND ADMITTING TESTIMONY AND EVIDENCE REGARDING UNRELATED MEDICAL CONDITIONS.

{¶14} "II. THE TRIAL COURT ERRED IN DENYING THE PLAINTIFFS' [SIC] MOTION FOR DIRECTED VERDICT.

{¶15} "III. THE TRIAL COURT ERRED IN DENYING PLAINTIFF'S MOTION FOR JUDGMENT NOTHWITHSTANDING THE VERDICT AND MOTION FOR NEW TRIAL."

### I.

{¶16} In Appellant's first Assignment of Error, Appellant argues that the trial court should have granted his motion *in limine* and further erred in admitting testimony and evidence regarding unrelated medical conditions.

{¶17} "[A] decision on a motion in limine is a pretrial, preliminary, anticipatory ruling on the admissibility of evidence. A ruling on a motion in limine is interlocutory, usually dealing with the potential admissibility of evidence at trial. It therefore cannot serve as the basis for an assignment of error on appeal." *State v. Grubb* (1986), 28 Ohio St.3d 199, 201-202, 503 N.E.2d 142.

{¶18} A ruling on a motion in limine reflects the court's "anticipatory treatment of the evidentiary issue. In virtually all circumstances finality does not attach when the motion is granted. Therefore, should circumstances subsequently develop at trial, the trial court is certainly at liberty 'to consider the admissibility of the disputed evidence in its actual context.' " *Grubb,* 28 Ohio St.3d at 201-202, 503 N.E.2d 142, quoting *State v. White* (1982), 6 Ohio App.3d 1, 4, 451 N.E.2d 533.

{¶19} For those reasons, a motion in limine does not preserve for purposes of appeal any error in the disposition of the motion in limine. " 'An appellate court need not review the propriety of such an order unless the claimed error is preserved by a timely objection when the issue is actually reached during the trial.' " *Grubb,* 28 Ohio St.3d at 203, 503 N.E.2d 142, quoting *State v. Leslie* (1984), 14 Ohio App.3d 343, 344, 471 N.E.2d 503.

{¶20} The failure to object at trial to the allegedly inadmissible evidence constitutes a waiver of the challenge. *State v. Wilson* (1982), 8 Ohio App.3d 216, 456 N.E.2d 1287.

{¶21} In the case *sub judice*, we note that Appellant has failed to ensure that the record on appeal contains a transcript of the trial regarding this motion *in limine*.

**{¶22}** "The duty to provide a transcript for appellant review falls upon the appellant. This is necessarily so because an appellant bears the burden of showing reference to matters in the record. * * * When portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, * * * has no choice but to presume the validity of the lower court's proceedings * * *. *Knapp v. Laboratories* (1980), 61 Ohio St.2d 197, 199, 400 N.E.2d 384. Where a transcript of proceedings in the trial court is necessary to exemplify the facts which determined the issues presented there, its absence requires a reviewing court to either dismiss the appeal or affirm the judgment of the court from which the appeal is taken. *State v. Render* (1975), 43 Ohio St.2d 17, 330 N.E.2d 690, paragraph two of the syllabus.

**{¶23}** Without a transcript, this Court has no evidence that Appellant objected to the admission of testimony and/or evidence regarding unrelated medical conditions at the appropriate time during the trial. Appellant has waived any error caused by the admission of such testimony or evidence.

**{¶24}** Appellant's first Assignment of Error is overruled.

### II., III.

**{¶25}** Appellant, in his second and third Assignments of Error, argues that the trial court erred in not granting his motion for a directed verdict, motion for judgment notwithstanding the verdict and motion for new trial. We disagree.

**{¶26}** The standard for granting a motion for judgment notwithstanding the verdict or in the alternative for a new trial pursuant to Civ.R. 50(B) is the same as that for granting a motion for a directed verdict pursuant to Civ.R. 50(A). *Texler v. D.O.*

*Summers Cleaners & Shirt Laundry Co.,* 81 Ohio St.3d 677, 679, 693 N.E.2d 271, 1998-Ohio-602. Thus, JNOV is proper if, upon viewing the evidence in a light most favorable to the nonmoving party and presuming any doubt to favor the nonmoving party, reasonable minds could come to but one conclusion, that being in favor of the moving party. *Wagoner v. Obert,* 180 Ohio App.3d 387, 401–402, 905 N.E.2d 694, 2008-Ohio-7041, citing *Goodyear Tire & Rubber Co. v. Aetna Cas. & Sur. Co.,* 95 Ohio St.3d 512, 769 N.E.2d 835, 2002–Ohio–2842. "Neither the weight of the evidence nor the credibility of the witnesses is for the [trial] court's determination in ruling upon [a JNOV]." *Osler v. Lorain* (1986), 28 Ohio St.3d 345, 347, 504 N.E.2d 19, quoting *Posin v. A.B.C. Motor Court Hotel* (1976), 45 Ohio St.2d 271, 275, 74 O.O.2d 427, 344 N.E.2d 334. When a trial court rules on a JNOV motion, all of the evidence introduced at trial is available for the trial court's consideration. *Beaston v. Slingwine,* Seneca App.No. 13-03-04, 2004-Ohio-924, citing *Osler,* supra, at 347, 504 N.E.2d 19.

**{¶27}** The decision to grant or deny a Civ.R. 50(B) motion for JNOV is reviewed de novo by an appellate court. *Wagoner,* supra, at 401, 905 N.E.2d 694, citing *Osler,* supra, at 347, 504 N.E.2d 19.

**{¶28}** Without a transcript of the proceedings, it is impossible for this Court to find that the trial court's decision is not supported by the record, and this Court is left with no choice but to presume the validity of the lower's court's proceedings and affirm.

**{¶29}** Appellant's second and third Assignments of Error are overruled.

Appellee's Cross-Assignment of Error

**{¶30}** Pursuant to App.R. 3(C)(2), which states that a person who intends to defend a judgment or order appealed by an appellant on a ground other than that relied

on by the trial court but who does not seek to change the judgment or order is not required to file a notice of cross-appeal. Appellee, in his brief, has also included what has been captioned as "Appellee's Cross-Assignment of Error":

{¶31} "I. IN THE EVENT THAT THIS COURT ORDERS A NEW TRIAL, APPELLANT BARBARA HOFFMAN SHOULD BE BARRED FROM INTRODUCING LONG-TERM STORAGE BILLS AFTER HER VEHICLE HAD BEEN DECLARED A TOTAL LOSS."

{¶32} The subject and application of cross-assignments of error and cross-appeals are addressed in App.R. 3(C) and the attendant staff note. Cross-assignments of error are asserted for the purpose of *preserving the relief granted in the trial court's judgment* generally for reasons not advanced by the trial court, to further guard against reversal, and/or to obtain rulings on interlocutory orders, in the event the case is not affirmed. Cross-appeals are asserted for the purpose of *obtaining different relief than that granted by the trial court.* App.R. 3(C). *Rzeszotarski v. Sanborn* (June 7, 1996), 11th Dist. No. 95-G-1906

{¶33} Here, Appellee's cross-assignment is really in the nature of an assignment in a cross-appeal rather than a cross-assignment because it essentially asserts an error at trial. Since no separate notice of appeal was filed with respect to such assignment, we find it is not properly before us.

{¶34} Under App.R. 12(A)(2), when assignments of error are not submitted in proper form, the appellate court is under no obligation to review them. Further, because we have not ordered a new trial in this matter, this issue is moot because any

determination that this Court would make would have no legal effect on the actual controversy.

**{¶35}** For the foregoing reasons, the judgment of the Court of Common Pleas of Stark County, Ohio, is affirmed.

By: Wise, J.

Delaney, P. J., and

Edwards, J., concur.

_____

_____

_____

                                        JUDGES

JWW/d 0328

IN THE COURT OF APPEALS FOR STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

RUSSELL HIRSHELL, et al.    :
             :
  Plaintiffs-Appellants   :
             :
-vs-           :    JUDGMENT ENTRY
             :
ALLEN B. FERTGUS     :
             :
  Defendant-Appellee   :    Case No. 2011 CA 00199

For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Stark County, Ohio, is affirmed.

Costs assessed to Appellant.

             _____

             _____

             _____
                JUDGES